UNITED STATES of America ex rel. Oscar Leon ROSEN, Relator-Appellant,

v.

The Hon. Harold W. FOLLETTE, Warden of Greenhaven State Prison, Stormville, New York, Respondent-Appellee.

No. 534, Docket 32264.

United States Court of Appeals Second Circuit.

Submitted to the Court in banc Oct. 17, 1968.

Decided Feb. 26, 1969.

Gretchen White Oberman, New York City (Anthony F. Marra, New York City, on the brief), for relator-appellant.

Brenda Soloff, Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and WATERMAN, MOORE, FRIENDLY, SMITH, KAUFMAN, HAYS, ANDERSON and FEINBERG, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge (with whom WATERMAN, KAUFMAN, HAYS, ANDERSON and FEINBERG, Circuit Judges, concur):

Relator-appellant was convicted in the New York County Court for Nassau County on a plea of guilty to attempted burglary, third degree, following the selection of a jury, the start of trial and denial of a motion to suppress a confession as involuntary. He was sentenced to imprisonment for 2½ to 5 years. On appeal, the Appellate Division, following remand and the making of findings and conclusions relied on in the ruling on the motion to suppress, affirmed. People v. Rosen, 26 App.Div.2d 655, 272 N.Y.S.2d 1005 (2d Dept. 1966). Leave to appeal to the New York Court of Appeals was denied.

Rosen then sought a writ of habeas corpus in the United States District Court for the Southern District of New York. The Court, Tenney, J., denied the writ without hearing, and denied certificate of probable cause. This court granted certificate of probable cause and assigned counsel. We affirm the judgment.

The District Court relied on our opinion in United States ex rel. Glenn v. McMann, 349 F.2d 1018 (2d Cir. 1965), cert. denied 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966), in holding that an allegation that a plea of guilty was involuntary because induced by the existence of an involuntary confession is not a proper ground for habeas corpus, referring briefly in addition, however, to the lack of any reference to the confession in the transcript of the plea, to the free admission of guilt and the allowance of plea to a reduced charge. The Court rejected the claim that § 813-g of the New York Code of Criminal Procedure, under which the Appellate Division reviewed Rosen's claims as to his confession, affected "the scope of jurisdiction of federal habeas corpus." [1]

While we agree that the denial of the writ must be sustained, we do not agree with the Court's reading of *Glenn* and of the effect of § 813-g. Where a claim is made that the existence and

---

1. § 813-g. The motion in general
A person claiming to be aggrieved by an involuntary confession or admission may move for the suppression of such confession or admission from use as evidence. The court shall hear evidence upon any issue of fact necessary to determination of the motion.

threatened use of a coerced confession so infected a plea as to make the plea itself "involuntary," the plea is not necessarily an absolute bar to collateral attack on the conviction. See United States ex rel. Ross v. McMann, 409 F.2d 1016. Nor is the existence of a possibility, even after a guilty plea, of appellate attack in the state courts on a ruling as to the admissibility of a confession totally irrelevant to a determination of the question whether the guilty plea was a deliberate by-passing of state remedies, barring federal relief. See United States ex rel. Rogers v. Warden of Attica State Prison, 381 F.2d 209 (2d Cir. 1967). Although 813-g was not passed until after Rosen's plea, it was relied on by Rosen on appeal and considered effective retroactively by the Appellate Division. The state contends that the statute could not have affected Rosen's state of mind at the time of plea, since it was not then in existence. Rosen contends that since state review was in fact available and utilized, it should not be held waived here. Neither of these considerations is dispositive, however. All the circumstances alleged fairly to have motivated a plea may be considered in determining whether it was voluntary and also in determining whether it was a deliberate by-passing of state remedies.

■ If a fair reading of Rosen's *pro se* application for writ of habeas corpus reveals a substantial claim that his guilty plea was so infected by the existence and threatened use of a coerced confession as not to be a voluntary plea, he is entitled to have the question heard. If the application does not fairly set forth such a

If the motion is granted, the confession or admission shall not be admissible in evidence in any criminal proceeding against the moving party. The order granting such motion may be reviewed on appeal.

If the motion is denied, the order denying such may be reviewed on appeal from a judgment of conviction notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty.

substantial claim, the denial of the writ must be sustained.

■ He contends that he was questioned while imprisoned awaiting trial in Suffolk County on unrelated charges. When questioned, he was without counsel although he claims that he requested counsel, and without warning of his rights, was threatened with charges against his estranged wife which would require his young children to be placed in a home if he did not cooperate, and promised help toward reconciliation and in the disposition of the other pending charges if he did cooperate. On the Huntley-type hearing, the state court, on conflicting testimony, held these claims not established.[2] The entire thrust of Rosen's argument is against the ruling on the Huntley hearing. He assumes that if the confession was faulty, the plea must fall with it. He must, however, to succeed here, show not only that the confession was involuntary but that the plea was also. His application fails to show this.

Rosen's application appears to concede that he had no defense to the Suffolk County burglary charges, having been caught in the act. He was also wanted for burglary in Queens, although he gives little detail on his prospects there. On the charges to which he pleaded it was known to Rosen and to his attorney that Rosen's wallet was found on the scene of the Nassau County burglary. He was represented at trial by counsel whose competence he does not attack, although he does criticize the failure to replace other assigned counsel on his appeal.

Rosen does not tell us whether he considered the weight of the other evidence

2. The hearing was held on the issue of voluntariness, on a defense motion, when during trial, the prosecution sought to introduce Rosen's confession into evidence. The motion was denied on December 2, 1964, and Rosen pleaded guilty that day, although findings and conclusions were filed only March 24, 1966 after remand for that purpose.

It may be noted that the Huntley-type hearing was sought and obtained here after Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), was decided on June 22, 1964.

aside from the confession against him, what other evidence was known to him to exist, what advice his experienced attorney gave him, or what other considerations the offer of a plea to a reduced charge involved. He offers no support by record, affidavit of counsel or otherwise, to his rather vague claim that the plea was somehow infected by the confession. He makes no explanation of his failure to offer such support. We conclude that the application was insufficient. Although the District Court's main reliance was on its reading of *Glenn, supra,* with which we do not agree, we have reviewed the petition and conclude that it does not meet the minimum requirements of *Ross, supra.* We therefore affirm the denial of the writ.

Chief Judge LUMBARD, Judge MOORE and Judge FRIENDLY concur in affirming the order of the district court for the reasons stated in their opinions in United States ex rel. Ross v. McMann and United States ex rel. Dash v. Follette, filed this day.