James Berry, Jr., pro se.

Crawford C. Martin, Atty. Gen., Monroe Clayton, Asst. Atty. Gen., Austin, Tex., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Staff Legal Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

**James BERRY, Jr., Plaintiff-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Defendant-Appellee.**

**No. 26839**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

April 18, 1969.

PER CURIAM:

Since appellant is without counsel and none has been appointed, the case cannot be orally heard, see Elchuk v. United States, 1962, 370 U.S. 722, 82 S. Ct. 1574, 8 L.Ed.2d 802, and independent examination of the papers on file indicates that the case is properly placed on the Summary Calendar pursuant to Fifth Circuit Rule 18.[1]

This is an appeal from denial of habeas corpus relief to a prisoner of the State of Texas. We vacate the judgment below and remand, with instructions.

The appellant, represented by court-appointed counsel, was convicted upon his plea of guilty of burglary, for which

1. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804 [No. 26902, Mar. 11, 1969].

he was sentenced on January 25, 1967, to serve 10 years in prison. There was no direct appeal, but the appellant has attempted to exhaust his state remedies as is required by 28 U.S.C. § 2254.

The state trial court denied post-conviction relief without an evidentiary hearing, as did the United States District Court. The district court did not require a return and answer of the respondent, but decided the case on the basis of the order of the trial judge, who held that "the defendant [was] in all due respects fully admonished by the Court prior to the Court's acceptance of the plea of guilty to the charge alleged in the indictment."

The appellant denies that he was so admonished; and he contends that his plea of guilty was invalid. There is no transcript of the state proceedings in the record before us, which includes all that was before the district court. Nothing in the record tends to show that the appellant was properly admonished and that he pleaded guilty freely and voluntarily, except the order of the state trial court denying habeas relief without any sort of hearing. That proceeding failed in several respects to constitute the full and fair hearing in state court which 28 U.S.C. § 2254 contemplates.

The appellant has alleged that he was held in jail without bail for approximately nine months. The record shows that he was arrested on April 29, 1966, and pleaded guilty on January 25, 1967. Appellant alleges that his court-appointed counsel failed to take steps to bring him to trial. He alleges that "counsel advised that he was wasting his time to try and investigate the case that he was not being pay enough to investigate the case." Counsel advised the appellant to plead guilty, which he alleges he did because of the possibility "that another 9 months would have elapsed with he being confine with a trial."

■ . These allegations of denial of effective assistance of court-appointed counsel and invalidity of the appellant's plea of guilty are not disproved by the record. We are clear that the state habeas court should have held an evidentiary hearing on the merits of the appellant's petition. He attacked the validity of his plea of guilty in that court, alleging that his court-appointed attorney was derelict in his duty. The witnesses live in the vicinity of the state trial court, and the appellant can be brought there from prison for an evidentiary hearing. A hearing must be had. The question then arises: where? State or Federal Court?

In cases in which new state habeas corpus remedies became available after application for such relief was made to federal court, we have uniformly required exhaustion of the new state remedies. See Texas v. Payton, 5 Cir. 1968, 390 F.2d 261, 271; Peters v. Rutledge, 5 Cir. 1968, 397 F.2d 731; Boyer v. City of Orlando, 5 Cir. 1968, 402 F.2d 966. We deem it appropriate, in the interest of federal-state comity, to afford the state habeas court the opportunity to hold the evidentiary hearing which is required in this matter, as authorized by Article 11.07, Vernon's Ann.Texas Code of Criminal Procedure.

Whatever procedure, whether ordinary or extraordinary, is necessary in order to make appellant's Article 11.07 remedy fully effective should be implemented by the Texas Courts. See Byrd v. Smith, 5 Cir., 1969, 407 F.2d 363.

In the event that the state courts deny relief, "then Appellant can return to the Federal Court for its inescapably independent judgment on federal issues", as we said in Peters v. Rutledge, *supra.*

Accordingly, the judgment of the district court is vacated and the case is remanded, with instructions to dismiss the Writ without prejudice to the appellant's reapplication for habeas corpus relief in the courts of the State of Texas.

*Vacated and remanded.*