UNITED STATES ex rel. Charles Albert
HOLES, Relator-Appellant,

v.

Vincent R. MANCUSI, Warden of Attica
State Prison, Attica, New York,
Respondent-Appellee.

No. 334, Docket 33750.

United States Court of Appeals,
Second Circuit.

Argued Dec. 9, 1969.

Decided March 26, 1970.

W. Lee H. Dunham, New York City, for relator-appellant.

Michael Colodner, New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Albany, N. Y., and Samuel A. Hirshowitz, First Asst. Atty.

Gen., of counsel), for respondent-appellee.

Before MOORE and KAUFMAN, Circuit Judges, and RYAN, District Judge.

MOORE, Circuit Judge:

This is an appeal from the dismissal without a hearing of a petition for a writ of habeas corpus, submitted to the United States District Court for the Northern District of New York, James T. Foley, *Judge*, and from an order denying reargument. Judge Foley granted leave to proceed *in forma pauperis* on the appeal. The basis for Judge Foley's decision rested largely upon this court in its *en banc* decisions in United States ex rel. Ross v. McMann, 409 F.2d 1016 (2d Cir.), cert. granted, 396 U.S. 813, 90 S. Ct. 65, 25 L.Ed.2d 67, dismissed as moot, 396 U.S. 118, 90 S.Ct. 395, 24 L.Ed.2d 303 (1969); United States ex rel. Dash v. Follette, 409 F.2d 1016 (2d Cir.), cert. granted, 396 U.S. 813, 90 S.Ct. 65, 24 L. Ed.2d 67 (1969); United States ex rel. Rosen v. Follette, 409 F.2d 1042 (2d Cir. 1969). He specifically referred to *Rosen* wherein it was "emphasized by Judge Smith that particularized allegations should be presented as to how the confession rendered the plea involuntary, and to assist the District Court in its determination or whether hearing is necessary, additional supporting material should be appended such as the affidavit of the attorney who represented the petitioner when he pleaded, or exhibits and affidavits of persons with knowledge of pertinent facts in this regard." Judge Foley found "This petition is deficient in these respects." (Memorandum-Decision and Order, April 16, 1969). This case presents one of our first opportunities to review the application by district court judges of the standards established by this court in its *en banc* decisions in *Ross-Dash-Rosen.*

## I.

The petitioner, Charles Albert Holes, was arrested with one George Thompson in Syracuse, New York, on November 24, 1959. The petition alleges that he was detained and repeatedly questioned until he signed a confession on November 27, 1959; that he was never advised of his right to remain silent or his right to consult with counsel; that he "suffered excruciating pain and acute discomfort, from a constant headache, hunger pains, despondency and fright"; that he signed a confession "bearing the alleged signature" of Thompson after "numerous threats by several detectives against realtor's [sic] person" and "in order to obtain medical treatment and food." It also appears in the petition that Holes was brought before a City Court magistrate for arraignment and arraignment was postponed when it was revealed that Holes did not understand the proceedings and had not consulted with counsel. On January 26, 1960, in the presence of retained counsel, Holes entered a plea of guilty to one count of burglary in the third degree. His habeas petition alleges that this plea was induced by "attorney's insistence [that the confession made no defense possible and that the plea bargain was 'the only way out'], alleged crime partner's insistence [that he would accept the plea bargain 'regardless of the consequences' to Holes] and the indictment [which charged five counts of burglary in the third degree and three counts of larceny in the second degree, subjecting appellant to 'over a hundred years in incarceration, if convicted']."

Holes was sentenced on February 10, 1960 to an indeterminate term of from five to ten years' imprisonment. Apparently, no direct appeal was taken from the judgment of conviction. Holes' petition for a writ of *coram nobis* was denied without a hearing on July 14, 1964 in the Onondaga County Court, on the ground that a voluntary guilty plea waived the prior defect of an allegedly unconstitutional coerced confession. On appeal to the Supreme Court, Appellate Division, Fourth Department, Holes contended that the guilty plea was a "direct

---

* Of the Southern District of New York, sitting by designation.

result" of the coerced confession. Denial of the writ was affirmed without opinion. People v. Holes, 264 N.Y.S.2d 224 (4th Dep't 1965). Relator alleges in his petition that the writ was also "denied" by the New York Court of Appeals, although the State maintains on appeal that there is no record of a request to appeal the Appellate Division decision.

Upon examination of the allegations in Holes' petition, Judge Foley determined that no hearing was required by the *Ross-Dash* decisions. He based his dismissal on the lack of "particularized allegations * * * as to how the confession rendered the plea involuntary" and "additional supporting material * * * such as the affidavit of the attorney who represented the petitioner when he pleaded, or exhibits and affidavits of persons with knowledge of pertinent facts in this regard." Judge Foley found the petition to be "deficient in these respects." Memorandum-Decision and Order (N.D.N.Y. April 16, 1969); compare 409 F.2d 1022 & n.3. Judge Foley also found that the allegations failed to reveal exhaustion of state remedies as required by 28 U.S.C. § 2254(b), (c) (Supp. IV 1965–68).

## II.

■ We disagree with the determination that Holes has failed to exhaust available state remedies. *Coram nobis* is available in New York to set aside convictions based on a plea of guilty when the plea is shown to have been procured by "trickery, deceit, coercion or fraud [and misrepresentation]." People v. Picciotti, 4 N.Y.2d 340, 344, 175 N.Y.S.2d 32, 34, 151 N.E.2d 191, 193 (1958); Matter of Lyons v. Goldstein, 290 N.Y. 19, 25–26, 47 N.E.2d 425 (1934). Holes has presented his contention that his guilty plea was a direct result of the coerced confession to the New York Courts in Part III of his brief, on appeal to the Appellate Division, Fourth Department. The New York courts have denied him relief. Even if there had been a subsequent change in the state

law making it clear that relief is now available on the issue which was once presented to the state courts, a federal court cannot dismiss the petition and require repetitious applications to the state courts. Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); United States ex rel. Sniffen v. Follette, 393 F.2d 726 (2d Cir. 1968) (concurrent second *coram nobis* proceeding on distinct claim is not basis to decline federal habeas jurisdiction); United States ex rel. Levy v. McMann, 394 F.2d 402 (2d Cir. 1968) (presence of unexhausted claims in petition is not basis to decline federal habeas jurisdiction over exhausted claims in same petition). Additional authorities cited by the state do not compel an opposite result. United States ex rel. Smith v. Follette, 405 F.2d 1199 (2d Cir. 1969) (federal habeas application dismissed where issue presented had not been raised in a presently available state proceeding); United States ex rel. Tangredi v. Wallack, 343 F.2d 752 (2d Cir. 1965) (same); United States ex rel. Bagley v. LaVallee, 332 F.2d 890 (2d Cir. 1964) (same).

■ It is not clear from the record whether Holes sought review of the denial of his application for a writ of error *coram nobis* in the highest court of the state. Assuming that he did not, such a default in pursuing a state remedy not available at the time of the federal habeas corpus application does not limit the power of the federal courts to grant the relief. Fay v. Noia, 372 U.S. 391, 398–399, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). If a petitioner has "deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies," then it is within the district court's discretion to deny relief. Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963). On the present state of the record there is no evidence that would justify a denial of relief on the basis of an exercise of such discretion. Therefore, the dismissal of Holes' application cannot be upheld on the ground that he failed to exhaust state remedies as re-

quired by 28 U.S.C. § 2254(b), (c) (Supp. IV 1965–68).

### III.

■ We now proceed to consider the propriety of the district court's denial of the application on the merits without a hearing. A judge entertaining an application for habeas corpus must either issue the writ or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled [to the writ]." 28 U.S.C. § 2243. If a hearing is necessary, a date is to be set on the day the writ or order is returned. In Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the Supreme Court propounded the considerations governing the grant or denial of evidentiary hearings. The general standard announced there was:

> "Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts." 372 U.S. at 312–313, 83 S.Ct. at 757.

■ The Court further observed in Townsend v. Sain, that the district judge could order an evidentiary hearing in his discretion whenever there was a factual dispute. Reliable findings of fact by the state court may be deferred to (see 28 U.S.C. § 2254(d) passed in 1966 after *Townsend*), but in all cases the district judge must independently apply federal law to the facts so established. 372 U.S. at 318, 83 S.Ct. 745.

■ The initial question presented to a district judge is whether the petition alleges a deprivation of constitutional rights which would entitle the petitioner to be released from state custody. This determination must be made upon the papers presented to the trial judge. If such allegations have been made, and if a dispute as to the facts appears either on the face of the petition and supporting papers or from the facts alleged in the return, only then must the district judge determine whether a hearing is necessary to resolve the dispute. [Cf. Townsend v. Sain, 372 U.S. 293, 309, 83 S.Ct. 745, 9 L.Ed.2d 770; *Ross, supra* 409 F.2d at 1037–1038 (Moore dissenting).]

The initial question may be restated as whether the legal principle which the petitioner seeks to have applied to his case would entitle him to release from state custody. It is clear that the Supreme Court has determined that a guilty plea which is not a voluntary act is void. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed. 2d 473 (1962); Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956); Waley v. Johnston, Warden, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942). It is also clear that if the guilty plea is voluntary, several federal constitutional rights are waived. Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); McCarthy v. United States, 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); United States ex rel. Glenn v. McMann, 349 F.2d 1018 (2d Cir. 1965), cert. denied, 383 U.S. 915, 86 S. Ct. 906, 15 L.Ed.2d 669 (1966). Misplaced reliance on *Glenn* as a ground for dismissing petitions for habeas corpus in the *Ross-Dash* and *Rosen* cases (as well as in United States ex rel. Williams v. Follette, 408 F.2d 658 (2d Cir.), cert. granted, 396 U.S. 813, 90 S.Ct. 65, 24 L. Ed.2d 67 (1969)), led the Second Circuit to reconcile the voidness rule and the waiver rule into the following test:

> "[A]lthough the waiver rule means that an allegation that the petitioner's constitutional rights were violated before the plea was taken is not, standing alone, sufficient to call the validity of the plea into question, nonetheless if it is alleged that the plea was coerced in a manner spelled out in the petition, the alleged violations are not irrelevant to the issue of the volun-

tariness of the plea. An alleged violation of constitutional rights is simply another factor to be taken into account in determining the voluntariness of the plea." 409 F.2d 1016, at 1021.

 This court in *Ross-Dash* was concerned that the decision would encourage meritless petitions requiring reconstruction of events long past. See 409 F.2d at 1029–1032 (Lumbard, Ch. J., dissenting); *id.* at 1028 (Kaufman, C. J., concurring). In order to minimize the risk of wasted judicial effort in separating bona fides petitions from those presenting a "construct of the fertile brains of [state prisoners] without counterpart in reality" (409 F.2d at 1041, Friendly, C. J., dissenting), the majority proposed the requirement that the petitioner present "particularized allegations," preferably supplemented with "the affidavit of the attorney who represented the petitioner when he entered the guilty plea, or exhibits or affidavits of persons having knowledge of the claimed facts [and] the petitioner's own affidavit." 409 F.2d at 1022 & n. 3. Such a requirement is no more than to require the prisoner to allege material facts that would prima facie allow a conclusion that the guilty plea was unconstitutionally involuntary. Mere conclusory allegations play no role in meeting this burden. Indeed, if the petition fails to state facts allowing application of a legal principle involving "custody in violation of the constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a) (Supp. IV 1965–68), then the district judge need not direct that a return be made by the person having custody since "it appears from the application that the applicant or person detained is not entitled [to habeas relief]." 28 U.S.C. § 2243 (1964). Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830 (1941); Tatem v. United States, 107 U.S.App.D.C. 230, 275 F.2d 894, 896 (1960) (Burger, C. J.). Thus, in United States ex rel. Rosen v. Follette, 409 F.2d 1042 (2d Cir. 1969) the application was characterized as "in-

sufficient" because it did "not fairly set forth such a substantial claim." In United States ex rel. Nixon v. Follette, 299 F.Supp. 253 (S.D.N.Y.1969) (Weinfeld, J.), a petition was dismissed because the allegations "failed to make out a claim for relief."

 The burden Holes must meet to avail himself of *Ross-Dash* is to show that "the plea was substantially motivated by a coerced confession." 409 F.2d at 1023. The petition reveals several factors dehors the confession which he admits motivated him to enter a guilty plea. These factors include: a desire to obtain a lighter sentence through plea bargaining; awareness that his co-defendant might testify against him; and representation by, and advice from, counsel during arraignment and sentencing. The mere conclusory allegation that the plea was involuntary does not suffice to show that Holes is entitled to relief when the facts tend to establish a voluntary choice made upon the advice of competent counsel.

 In his papers supporting his motion for reargument, Holes seeks to excuse the absence of supporting affidavits and exhibits. We find that the circumstances do not constitute an "explanation of his failure to offer such support," as suggested in *Rosen*. 409 F.2d at 1045. We were informed at oral argument that the petitioner is on parole and so able to act on his own behalf in securing affidavits and exhibits. Even so, he contends, first of all, that an effort to obtain an affidavit from his former attorney would be fruitless since the attorney would be swearing to facts revealing his own misrepresentation and violation of professional ethics. But there are no factual allegations to raise the claim that his counsel was inadequate—allegations that might require an evidentiary hearing as in United States ex rel. Richardson v. McMann, 408 F.2d 48 (2d Cir.), cert. granted, 396 U.S. 813, 90 S.Ct. 65, 24 L.Ed.2d 67 (1969). Secondly, he seeks to place the burden of

producing court records to support his conclusory allegations upon the district court itself. Even though the district court has power to compel the production of the state court records, Townsend v. Sain, 372 U.S. 293, 319, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the petitioner must initially allege facts which might establish his claim. We feel compelled to note that the minutes of the arraignment, plea and sentencing produced on appeal, while not conclusive on the question of voluntariness, United States ex rel. Richardson v. McMann, 408 F.2d 48, 52 (2d Cir.), cert. granted, 396 U.S. 813, 90 S.Ct. 65, 24 L.Ed.2d 67 (1969); cf. Boykin v. Alabama, 395 U.S. 238, 243–244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), reveal nothing that supports a claim that the plea was involuntary. In fact, the sentencing minutes tend to show that Holes knew exactly what he was doing, namely, taking advantage of the opportunity to plead guilty to one of eight counts.

As stated by Judge Kaufman in his concurring opinion in *Ross* (Waterman, Anderson and Feinberg, C. JJ., concurring in his opinion), "The petitioner must carry the burden of establishing that the coerced confession substantially motivated him in pleading guilty" and that "The trained judges' eyes can quickly sift out those not deserving of a hearing." 409 F.2d at 1028.

In sum, we find that a fair reading of Holes' *pro se* application reveals that he, like Rosen, "offers no support, by record, affidavit of counsel or otherwise, to his rather vague claim that the plea was somehow affected by the confession. He makes no explanation of his failure to offer such support." United States ex rel. Rosen v. Follette, 409 F.2d 1042, 1045 (2d Cir. 1969) (*en banc*). See also United States ex rel. Ross v. McMann, 409 F.2d 1016, 1022 n. 3 (2d Cir. 1969) (*en banc*) ("additional supporting material such as the affidavit of the attorney who represented the petitioner when he entered the guilty plea \* \* \* should be appended \* \* \*").

The dismissal of the petition for habeas corpus is affirmed.

The court expresses its thanks to W. Lee H. Dunham, Esq., for accepting the assignment to present Holes' appeal.