**UNITED STATES ex rel. Enrico GENTILE, Relator-Appellant,**

v.

**Vincent R. MANCUSI, Warden, Attica State Prison, Attica, New York, Respondent-Appellee.**

**No. 649, Docket 33786.**

United States Court of Appeals, Second Circuit.

Argued March 30, 1970.

Decided April 13, 1970.

Max Wild, New York City, for relator-appellant.

Robert S. Hammer, Asst. Atty. Gen. of the State of New York, New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before KAUFMAN and FEINBERG, Circuit Judges, and TIMBERS,* District Judge.

TIMBERS, District Judge:

█ This appeal calls upon us to apply the principles of the *Ross-Dash-Rosen* trilogy[1] to the denial of a state prisoner's habeas corpus petition. In doing so, we emphasize this Court's determination that petitions to set aside guilty pleas must strictly comply with the requirements (a) that there must be some evidentiary "spelling out" of the basic claim of a coerced plea and (b) that the precise claim presented to the federal court must also have been presented to and ruled upon by the state court.

Relator, Enrico Gentile, is presently incarcerated at the Attica State Prison upon his conviction in the New York County Supreme Court on July 20, 1966 following guilty pleas entered before Honorable George Postel on June 10, 1966 to a five count indictment charging first degree robbery, first degree grand larceny, second degree assault (two counts) and felonious possession of a pistol. Gentile also pled guilty before Justice Postel on June 10 to a separate indictment charging him with bail jumping. On July 20, after denying Gentile's motion to withdraw his guilty pleas, Justice Postel sentenced him as a third felony offender to a prison term of 15 to 20 years on the first degree robbery count; lesser concurrent sentences were imposed on the other four counts; and sentence was suspended on the bail jumping conviction.[2]

Gentile's judgment of conviction in the New York County Supreme Court was affirmed by the Appellate Division without opinion on June 20, 1968. People v. Gentile, 30 A.D.2d 776, 292 N.Y.S.2d 350 (1st Dept. 1968). Leave to appeal was denied by the New York Court of Appeals on February 18, 1969.

---

* Chief Judge of the District of Connecticut, sitting by designation.

1. Referring to this Court's three *en banc* decisions of February 26, 1969: United States ex rel. Ross v. McMann, 409 F.2d 1016 (2 Cir.), cert. granted, 396 U.S. 813, dismissed as moot, 396 U.S. 118 (1969); Dash v. Follette, 409 F.2d 1016 (2 Cir.), cert. granted sub nom. McMann v. Ross, 396 U.S. 813 (1969); United States ex rel. Rosen v. Follette, 409 F.2d 1042 (2 Cir. 1969).

2. Gentile also is serving a 7½ to 15 year concurrent sentence imposed September 8, 1966 by Honorable Emilio Nunez in the Bronx County Supreme Court following Gentile's plea of guilty to a one count indictment charging him and another with third degree robbery. This conviction is not attacked in the instant habeas proceeding.

On March 24, 1969 Gentile filed his petition for a writ of habeas corpus in the District Court for the Southern District of New York and was allowed to proceed *in forma pauperis*. In due course the petition was taken upon submission by Judge Motley.

The facts before Judge Motley, as disclosed in Gentile's original petition and respondent's opposing affidavit, may be briefly summarized as follows. Gentile pled guilty to the five count indictment on June 10, 1966, after the case had been on trial for three days and after a jury had been impaneled, the prosecutor had made his opening statement to the jury and one witness had been examined by both sides. A week later, on June 17, with his trial counsel standing beside him, Gentile made a *pro se* motion before Justice Postel to withdraw his guilty pleas, stating: "Your Honor, I am not guilty of this charge. I was confused at the time I pled guilty. I was disturbed and I was afraid at the time. That's why I pleaded guilty." The state trial judge did not question Gentile as to the basis for his fear. He reserved decision on the motion to withdraw the pleas and continued the matter to the day of sentencing so that Gentile, in accordance with his request, might secure new counsel.

Gentile, however, kept his trial counsel who again appeared with him at the time of sentencing on July 20. The prosecutor vigorously argued against the motion to withdraw the pleas, pointing out the prejudice to the State if such were permitted and reminding the court of its adequate inquiry of Gentile when he pled guilty. The court denied the motion to withdraw the pleas without further hearing and still without questioning Gentile as to the basis for his claim of fear. Sentence was imposed and an appeal was taken as stated above.

Upon this showing, Judge Motley held that Gentile's conclusory allegation that he pled guilty out of fear did not warrant a hearing, much less the granting of the habeas petition. We agree. United States ex rel. Ross v. McMann, *supra* note 1, at 1022; see United States ex rel. Holes v. Mancusi, 423 F.2d 1137 (2 Cir. 1970).

A month or more after his original petition was filed in the District Court, Gentile submitted a "Reply To Opposition" in which for the first time (in any court) he alleged that he pled guilty because the prosecutor threatened "that he would never see the streets again if he continued to trial." Judge Motley treated this further allegation as part of his original petition, but still held that no hearing was warranted since Gentile had not exhausted his state remedies with respect to this claim. We agree. 28 U.S.C. § 2254(b) and (c) (Supp. IV, 1965–68); United States ex rel. Cunningham v. Follette, 397 F.2d 143, 146 (2 Cir. 1968), *cert. denied*, 393 U.S. 1058 (1969).

For aught that appears in the record before us, the statement attributed to the prosecutor by Gentile's belated allegation, if voiced at all, may well have been more of an accurate prediction than a threat for an accused coming to bat for the third time. But if Gentile wishes to urge his threat theory, the proper forum is the state court, not the federal court, on the present state of the record.

We are grateful to Max Wild, Esq., appellant's court appointed counsel in this Court, for his excellent brief and able oral argument on appellant's behalf.

Affirmed.