UNITED STATES of America ex rel. Michael CUMMINGS, Appellant,

v.

Daniel McMANN, Warden of Auburn State Prison, Auburn, N. Y., Appellee.

No. 719, Docket 33479.

United States Court of Appeals, Second Circuit.

Argued April 23, 1970.

Decided June 30, 1970.

Stephen E. Banner, New York City, for appellant.

Lillian Z. Cohen, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, and Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City), for appellee.

Before MOORE and SMITH, Circuit Judges, and WEINFELD,* District Judge.

PER CURIAM:

Michael Cummings was indicted for murder in the second degree after he stabbed to death an acquaintance in a barroom fight. He first entered a plea of not guilty, but subsequently changed the plea to guilty upon a plea bargain which allowed the charge to be lowered to first degree manslaughter. He was represented by court-appointed counsel throughout the proceedings, and both appellant and counsel were heard at the time the plea was taken and at the sentencing.

■ This appeal rests on the allegation that the trial court failed to examine with sufficient care the facts which surrounded the fatal stabbing, and that had the court done so, a possible claim of self-defense may have been discovered. Thus, he claims, his plea was involuntary because appellant at the time of the plea was ignorant of the law applicable to the facts of his case.

Statements made by appellant to the judge at plea and sentence made it plain that he had voluntarily entered a quarrel already in progress, that he carried a knife in his pocket at the time, and that he was aware of antagonistic sentiments borne by the deceased against him. Upon these facts there was clearly no reasonable claim of self-defense which could have withstood a trial on the issue. Moreover, as Judge Dooling observed in denying the petition below, "the [trial] Court had no occasion to probe in order to negate explicitly the improbable existence of an overlooked defense so obvious as self-defense; nothing that was brought out or intimated suggested that there might be such a defense."

■ In order to merit an evidentiary hearing on a petition for habeas corpus, the petitioner must present more than simple conclusory allegations. See Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). He must raise an issue of disputed fact, Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) which fact, if true, might establish his claim for relief. United States ex rel. Holes v. Mancusi, 423 F.2d 1137 at 1142 (2d Cir., March 26, 1970). Here, as in Holes, the mere "allegation that the plea was involuntary does not suffice to show that [he] is entitled to relief when the facts tend to establish a voluntary choice made upon the advice of competent counsel." Id.

Cummings has not produced an affidavit from his former attorney, and has offered no explanation for that failure. United States ex rel. Rosen v. Follette, 409 F.2d 1042 (2d Cir. 1969). There is no allegation that counsel was inadequate or that petitioner had no opportunity to discuss fully with counsel his possible defenses. See Rosen, supra, 409 F.2d at 1045; Holes, supra, 423 F.2d at 1142.

The five-to-ten year sentence Cummings got in lieu of the 20-years-to-life

---

* Of the Southern District of New York, sitting by designation.

mandatory sentence which a murder trial would have produced was ample reason for him to waive his right to go to trial on a self-defense theory, the validity of which was contradicted by appellant's own statements in the record. He entered his plea on the sound advice of counsel, and nothing he alleges casts any doubt on the wisdom or voluntariness of that plea. There being no issue of disputed fact raised by his petition for habeas corpus, the district court properly denied the petition without a hearing.

The court wishes to thank Stephen E. Banner, Esq., for his able representation of Cummings on this appeal.

Affirmed.