**Rodger F. HOLMES, Petitioner,**

v.

**John R. GAGNON, Warden, Respondent.**

**No. 71–C–24.**

United States District Court,
E. D. Wisconsin.

March 17, 1971.

Rodger F. Holmes, pro se.

Robert P. Warren, Atty. Gen., Madison, Wis., for respondent.

## ORDER

MYRON L. GORDON, District Judge.

The petitioner was convicted by a state court on February 23, 1970, of armed robbery in violation of §§ 939.05 and 943.32(1) (b), Wis.Stats. (1967), and he was sentenced to an indeterminate term of not more than five years. An order has been entered authorizing Mr. Holmes to proceed in forma pauperis.

Mr. Holmes challenges his conviction on the basis of the use of an unlawful line-up procedure at the time of a second arrest in Elkhorn, Wisconsin; this arrest followed, by about a month, an arrest in Fort Atkinson, Wisconsin, at which time photographs were taken of the petitioner. He also challenges his conviction on the basis that his plea of guilty to the armed robbery charge was coerced. Finally, in a reply to the respondent's return, the petitioner charges that he was denied counsel at the time of his arrest in Fort Atkinson.

■■ A petition for a writ of habeas corpus was denied by the state supreme court in an unpublished opinion filed on September 10, 1970. Mr. Holmes also states that several post-conviction motions were denied by the trial court on October 8, 1970. In addition, a new post-conviction motion was filed with the trial court on January 14, 1971. The petitioner does not argue that the allegedly illegal line-up and the alleged denial of counsel at the time of his first arrest are directly related to the "coercion" which he contends resulted in his change of plea to guilty on February 23, 1970. Any alleged violation of constitutional rights is a factor to be considered in determining the voluntariness of a plea. United States ex rel. Holes v. Mancusi, 423 F.2d 1137, 1141 (2d Cir. 1970). On the other hand, the fact that the petitioner was represented by counsel at the time he made his plea also is to be considered on the issue of the plea's voluntariness. United States ex rel. Ross v. McMann, 409 F.2d 1016, 1021 (2d Cir. 1969), vacated as moot, 396 U.S. 118, 90 S.Ct. 395, 24 L.Ed.2d 303 (1969); cf. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Except insofar as they may have improperly induced his plea, the alleged errors regarding line-up, photographs and absence of counsel at the time of his arrest are not, by themselves, an adequate basis for the granting of the writ since they are deemed waived by his guilty plea. McMann v. Richardson, supra; Reed v. Henderson, 385 F.2d 995, 996 (6th Cir. 1967); United States ex rel. Boucher v. Reincke, 341 F.2d 977, 980 (2d Cir. 1965).

■ Mr. Holmes contends only that he was induced to change his plea on the basis of a "deal" made between his counsel and the district attorney. The unpublished opinion of the state supreme court denying Mr. Holmes' petition for a writ of habeas corpus makes it clear, however, that the trial judge carefully questioned the petitioner in an attempt to establish the voluntariness of the plea, according to the standards of Mc-

Carthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), made applicable to the states by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). See Ernst v. State, 43 Wis.2d 661, 170 N.W.2d 713 (1969). The conclusory allegation that the plea was involuntary must fail in light of facts tending to establish a voluntary choice made with the assistance of counsel.

Therefore, it is ordered that the petition for a writ of habeas corpus be and hereby is denied.