**Don Henry WEAVER, Petitioner-Appellant,**

v.

**STATE OF TEXAS, Respondent-Appellee.**
**No. 31145**
**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.
April 12, 1971.

Don Henry Weaver, pro se.

Crawford C. Martin, Atty. Gen. of Texas, Larry J. Craddock, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

## PER CURIAM:

Don Henry Weaver, a prisoner of the State of Texas, has taken this appeal from the district court's denial of his petition for habeas corpus. We affirm.

The appellant is confined by authority of a 25-year sentence for robbery by assault which was imposed in 1958 by the 38th Judicial District Court of Zavala County, Texas. The conviction was based on Weaver's plea of guilty entered when he was represented by counsel. There was no direct appeal.

The sole contention of the appellant's federal habeas petition was that he was actually in jail at the time of the robbery of which he pled guilty. He exhausted his available state remedies on this point, in compliance with the provisions of 28 U.S.C. § 2254.

The district court denied habeas relief on grounds that there was no allegation of invalidity of the guilty plea itself, citing *North Carolina v. Alford,* 1970, 400 U.S. 25, 91 S.Ct. 160, 27 L. Ed.2d 162. In *Alford,* the petitioner told the sentencing court that he did not commit the offense, but he persisted in his plea of guilty. In vacating the Fourth Circuit's decision to grant habeas relief, the Supreme Court stated that "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." 400 U.S. at 37, 91 S.Ct. at 167.

In his petition for rehearing filed below, Weaver made only a general allegation that his guilty plea was coerced and was not made knowingly and understandingly. The Second Circuit recently stated the applicable law as follows in United States, ex rel. Gentile v. Mancusi, 2nd Cir. 1970, 426 F.2d 238, 239:

"\* \* \* [P]etitions to set aside guilty pleas must strictly comply with the requirements (a) that there must be some evidentiary 'spelling out' of the basic claim of a coerced plea and (b) that the precise claim presented to the federal court must also have been presented to and ruled upon by the state court."

Not only does Weaver fail to spell out his claim concerning his plea,[1] but also the record does not indicate that he has exhausted his available state remedies on this issue, as the spirit of comity implicit in the statute requires. 28 U.S.C. § 2254; *see* State of Texas v. Payton, 5th Cir. 1968, 390 F.2d 261; Boyer v. City of Orlando, 5th Cir. 1968, 402 F.2d 966; Berry v. Beto, 5th Cir. 1969, 410 F.2d 503, 504.

Therefore we affirm the order appealed from.

Affirmed.

---

1. To some extent Weaver stated facts supporting his claim in an unsworn letter to the district judge. Since this letter was not verified in compliance with 28 U.S.C. § 2242, it is insufficient to invoke federal habeas jurisdiction. *See* Riojas v. Turner, D.Utah 1969, 304 F.Supp. 559.