**UNITED STATES ex rel. Edward J. BROCK, Petitioner,**

v.

**J. E. LaVALLEE, Superintendent of Clinton Correctional Facility, Dannemora, N. Y., Respondent.**

**No. 72 Civ. 3241.**

United States District Court, S. D. New York.

Nov. 8, 1972.

Edward J. Brock, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent; David R. Spiegel, Deputy Asst. Atty. Gen., of counsel.

OPINION

EDWARD WEINFELD, District Judge.

This most recent application by petitioner (the fourth) [1] for a federal writ of habeas corpus, made almost twenty-five years after the entry of his guilty plea to a reduced charge of second degree murder, is without substance. His current challenge to the judgment of conviction rests upon an allegation that his "counsel persuaded [him] to plead guilty with with [sic] the understanding he would serve no more than ten (10) years in prison. The petitioner's coun-

1. See United States ex rel. Brock v. La-Vallee, 306 F.Supp. 159 (S.D.N.Y.1969); United States ex rel. Brock v. Singerman, No. 70 Civ. 3373 (S.D.N.Y., withdrawn Aug. 25, 1970); United States ex rel. Brock v. Traut, No. 70 Civ. 5594 (S.D. N.Y., Feb. 2, 1971).

sel gave the impression that this had been agreed to by the court and the district attorney." Just what his counsel said or did to "persuade" him or to lead to his "impression" are not set forth. Entirely apart from the deficiency of his petition because of its conclusory allegations [2] and petitioner's failure to submit an affidavit of counsel or an explanation for its absence,[3] his "impression" affords no basis upon which to void his guilty plea.[4]

Petitioner makes a further claim which is not altogether clearly articulated. He alleges he "appealed from the judgement [*sic*] of conviction and the sentence imposed" (Petition, paragraph 6), but he further alleges "he has been deprived of his right to appeal his allegations in the state courts" (Petition, paragraph 11). The State, however, contends petitioner was produced for resentencing pursuant to *People* v. *Montgomery*,[5] and a state order dated February 23, 1972, entered by Supreme Court Justice Vincent A. Massi, sets forth that "[i]nsofar as Montgomery relief is concerned, it appears defendant was previously accorded and granted a hearing on that issue (May 5, 1970, Ross, J.) but after being produced for that purpose chose to withdraw the application." Notwithstanding this statement in the official record,[6] petitioner denies a hearing has been held in the state courts upon his claim that he had been denied the right of appeal. Whatever the fact, it is clear that this claim has not been exhausted in the state courts.

The petition is dismissed.

---

2. *Cf.* Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Schawartzberg v. United States, 379 F.2d 551, 552 (2d Cir.) (per curiam), cert. denied, 389 U.S. 901, 88 S.Ct. 225, 19 L.Ed.2d 224 (1967).

3. *See* United States ex rel. Roldan v. Follette, 450 F.2d 514, 517 (2d Cir. 1971); United States v. Welton, 439 F.2d 824, 826 (2d Cir.), cert. denied, 404 U.S. 859, 92 S.Ct. 157, 30 L.Ed.2d 102 (1971); *cf.* United States ex rel. Cummings v. McMann, 429 F.2d 1295 (2d Cir. 1970); United States ex rel. Rosen v. Follette, 409 F.2d 1042, 1044–1045 (2d Cir. 1969) (en banc), cert. denied, 398 U.S. 930, 90 S.Ct. 1822, 26 L.Ed.2d 93 (1970).

4. *See* United States ex rel. Curtis v. Zelker, 466 F.2d 1092 (2d Cir. 1972); United States ex rel. LaFay v. Fritz, 455 F.2d 297 (2d Cir.), cert. denied, 407 U.S. 923, 92 S.Ct. 2471, 32 L. Ed.2d 809 (1972); United States ex rel. Bullock v. Warden, 408 F.2d 1326, 1330 (2d Cir. 1969), cert. denied, 396 U.S. 1043, 90 S.Ct. 688, 24 L.Ed.2d 686 (1970).

5. 24 N.Y.2d 130, 299 N.Y.S.2d 156, 247 N.E.2d 130 (1969).

6. If the State's position is correct, it may well be that there was a deliberate bypass of state procedures. *See* Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).