**William CARRASQUILLO, Petitioner,**

v.

**Eugene LeFEVRE, Superintendent, Clinton Correctional Facility, Respondent.**

**No. 80 Civ. 0996 (CBM).**

United States District Court,
S. D. New York.

Sept. 11, 1980.

William Carrasquillo, pro se.

Robert Abrams, Atty. Gen., State of New York, New York City, by Charlotte C. Lee, Deputy Asst. Atty. Gen., New York City, for respondent.

## MEMORANDUM OPINION

MOTLEY, District Judge.

William Carrasquillo, an inmate at Clinton Correctional Facility, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(a). The court concludes that in light of the factual allegations by petitioner, allegations whose veracity cannot be ascertained from the present record, an evidentiary hearing is necessary before the court can determine whether petitioner is entitled to relief.

Petitioner was committed to the custody of the New York State Department of Correctional Services pursuant to a judgment of the Supreme Court, County of New York, rendered on September 9, 1977, convicting petitioner of robbery in the first degree. Petitioner's conviction was affirmed without opinion by the First Judicial Department of the Appellate Division of the Supreme Court of the State of New York, 72 App.Div.2d 668, 420 N.Y.S.2d 433. Petitioner's application for a certificate granting leave to appeal to the Court of Appeals of the State of New York was denied. 48 N.Y.2d 800, 423 N.Y.S.2d 1026, 399 N.E.2d 956. Thus petitioner has exhausted all state court remedies in accordance with 28 U.S.C. §§ 2254(b) and 2254(c). See U. S. ex rel. Birch v. Fay, 190 F.Supp. 105, 106 (S.D.N.Y.1961).

Petitioner's conviction arose from the following sequence of events: On November 23, 1976, petitioner was indicted for first and second degree robbery and other lesser crimes relating to a robbery on April 5, 1976, of Joseph and Mary Bazer. The indictment came as the result of photographic and line-up identifications of petitioner by one of the victims, though the other victim was not able to positively identify him.

Though petitioner originally pled not guilty to all charges, he later entered into a plea bargaining agreement. Petitioner pleaded guilty to first degree robbery and the other charges against him were dropped. The court agreed to limit sentencing to four and one-half to nine years, to run concurrently with another recent

conviction petitioner had received. At the time of sentencing, however, petitioner moved to withdraw his guilty plea. Petitioner's counsel declined to make this motion for him. The motion was denied.

The motion to withdraw the plea, the state court appeals, and the present petition for habeas corpus were based on several allegations. Petitioner has alleged that since his motion to withdraw was timely, would not have prejudiced the People and was accompanied by an assertion of innocence, it should have been granted; that at the time of his guilty plea to the court petitioner was under the influence of prescribed drugs making his plea involuntary; and that petitioner's court appointed attorney deprived him of his constitutional right to effective assistance of counsel. Petitioner further claimed in the state proceedings that his identification in the line-up was the result of improper procedures by the police.

 With respect to at least one of these allegations, petitioner may be entitled to habeas corpus if petitioner proves his allegation to be true. A constitutional violation may have occurred which would support petitioner's application for relief if petitioner can show that his plea of guilty was in fact "drug-induced." If a confession of guilt is not the product of a "rational intellect and a free will" then a judgment based upon that confession violates due process. *Blackburn v. Alabama*, 361 U.S. 199, 208, 80 S.Ct. 274, 280, 4 L.Ed.2d 242 (1960). Coercion which produces an involuntary plea may result from a "drug-induced" situation, just as it can result from physical or mental intimidation. *Townsend v. Sain*, 372 U.S. 293, 307, 83 S.Ct. 745, 754, 9 L.Ed.2d 770 (1963).

 It is well-established in this Circuit that a petitioner in a habeas corpus proceeding assumes the burden of establishing by a preponderance of the evidence that his prior guilty plea was not voluntarily and intelligently made. *United States ex rel. Zelker*, 466 F.2d 1092, 1097 (2d Cir. 1972),

*cert. denied*, 410 U.S. 945, 93 S.Ct. 1405, 35 L.Ed.2d 612 (1972). With respect to petitioner's motion in state court to withdraw his plea, a criminal defendant has no absolute right to withdraw a plea of guilty. *United States ex rel. Scott v. Mancusi*, 429 F.2d 104, 109 (2d Cir. 1970), *cert. denied*, 402 U.S. 909, 91 S.Ct. 1385, 28 L.Ed.2d 651 (1971). Permission to allow a defendant to withdraw his plea rests in the sound discretion of the trial judge. *Id.* 109–10. Thus, federal courts should not interfere with the determination of the state courts on this issue absent a clear issue of constitutional dimensions. *Id.* at 110.

 The initial question before this court is whether the legal principle which the petitioner seeks to have applied to his case would entitle him to release from state custody. *United States ex rel. Holes v. Mancusi*, 423 F.2d 1137, 1141 (2d Cir. 1976). It is clear that a guilty plea which is not a voluntary act is void. *Id.* In the case at hand, the factual question to be resolved is whether the circumstances of the plea, including petitioner's allegations that he was under the influence of drugs at the time of the plea, met the legal requirement that a plea be voluntarily and knowingly made. *United States ex rel. Rivera v. Follette*, 395 F.2d 450, 452 (2d Cir. 1968).

 Though the court does not now make any findings as to the validity of any of petitioner's allegations, the court is of the view that there are material facts in question. In particular, the court finds that there exist unresolved factual questions surrounding petitioner's allegations of the involuntariness of his guilty plea. At sentencing, petitioner informed the state judge of his innocence and asserted that he was influenced by the drug Elavil. Also, petitioner informed the court of a psychiatrist at Rikers Island, Ms. Orchello, who could substantiate his claim. Despite having been apprised of plaintiff's allegations, the state court did not hold a hearing to seek information or a report from Ms. Orchello.[1]

---

1. There had been examinations of petitioner by other psychiatrists which showed petitioner mentally competent. These reports were confirmed for the court by the Assistant District

The judge did not seek medical records to determine the validity of petitioner's claim that he was drugged at the time of the guilty plea. Nor is there any indication that the judge sought any evidence of the possible effects of the drug on petitioner. Most disturbing is the failure of the state court to allow petitioner to call witnesses in his behalf and cross-examine state witnesses on this issue.

Without sufficient evidence in the record of petitioner's actual physical state at the time of his guilty plea, this court cannot make a determination of the validity of petitioner's claims that he is entitled to habeas relief, without conducting an evidentiary hearing. Where the facts, even if improbable, cannot be said to be incredible; where the allegations, if true, would entitle petitioner to relief; and where there are facts in issue which the record does not clarify, then it would be improper for this court not to hold an evidentiary hearing. *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). As noted above, all these circumstances exist in the instant case.

This case also meets the requirements set forth in *United States ex rel. McGrath v. LaValle*, 319 F.2d 308, 312 (2d Cir. 1963) in that petitioner has done more than merely set forth a version of facts that is vague or conclusory. Rather he alleges with specificity certain conditions that call into question the acceptability of his guilty plea. Petitioner has specified the reason for the involuntariness of his plea, i. e., drug inducement; he has specified the drug he was influenced by; and he has specified a doctor who allegedly can support his claim.

Furthermore, it is not dispositive of petitioner's claim that none of his allegations can be substantiated by the present record. In *Hawk v. Olson*, 326 U.S. 271, 275, 66 S.Ct. 116, 118, 90 L.Ed. 61 (1945), the Supreme Court noted that habeas corpus is a proper procedure to protect the rights of persons within the jurisdiction of the United States from Constitutional violations even though the alleged infringement does not appear on the face of the record of his conviction.

Neither is it dispositive of petitioner's claim of drug inducement that his claim is contrary to the state judge's "findings" at the plea proceeding. Though the judge indicated at the plea proceeding that he perceived the petitioner as being lucid, his observations are not conclusive, since petitioner was not afforded an opportunity to present medical evidence to support his allegations.

Moreover, it must be noted that in the circumstances before the court an evidentiary hearing is *mandatory*, not merely discretionary. In *Townsend v. Sain*, 372 U.S. 293, 311–12, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1962) the Supreme Court held:

> Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court... In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.

Since the state judge, as noted above, did not allow introduction of, and apparently did not seek, evidence to either support or contradict petitioner's allegations, it cannot be said that any of the relevant facts have been conclusively determined for purposes of this habeas corpus proceeding. Thus the circumstances requiring an evidentiary hearing are present in this case.

Although evidentiary hearings in cases such as this may burden the federal courts, this burden cannot justify ignoring the mandate of *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), to conduct a hearing if the petitioner's allegations and the record require a thorough inquiry into the merits of the state conviction. *McGrath, supra,* at 315.

Attorney and counsel for petitioner over the protest of petitioner. However, as this court has no copy of or details of that report, it is unable to ascertain whether the petitioner was examined or his medical records checked for presence of drugs on the day of his guilty plea.

Accordingly, an evidentiary hearing will be held on October 10, 1980 at 3:00 p.m. to determine whether petitioner's guilty plea was involuntary because he was influenced by drugs. The court will conduct a pre-hearing conference on October 3, 1980, at 3:00 p. m. to ascertain whether petitioner has obtained counsel to represent him at the evidentiary hearing and to ascertain the witnesses to be called by the parties at the evidentiary hearing.

SO ORDERED.