**UNITED STATES of America ex rel. Arnold CLEVELAND, Relator-Appellee,**

v.

**J. Leland CASSCLES, Superintendent of Great Meadow Correctional Facility, Comstock, New York, Respondent-Appellant.**

**No. 713, Docket 73–1139.**

United States Court of Appeals, Second Circuit.

Argued April 16, 1973.

Decided May 25, 1973.

---

FEINBERG, Circuit Judge:

In this habeas corpus proceeding, petitioner Arnold Cleveland sought the writ from the United States District Court for the Southern District of New York on the ground that, after a guilty plea in the Supreme Court, New York County, he had been denied due process of law because of the manner in which a ten-year state sentence had been imposed. After a hearing in the district court, Judge Marvin E. Frankel granted the writ unless the state resentenced petitioner. The state appeals, and we remand to allow the state court to consider new evidence adduced before Judge Frankel.

I

Petitioner and a co-defendant were indicted in 1969 on a number of charges, all growing out of the robbing and stabbing of a woman in a hallway in lower Manhattan. In October 1970, petitioner pleaded guilty to robbery in the first degree, a Class B felony, "to cover the indictment." Four days earlier, petitioner's co-defendant had pleaded guilty to a Class C felony, a lesser crime, and had received a five-year sentence. In December 1970, when petitioner appeared for sentence, it was agreed that the sentence would dispose of not only the indictment already referred to, but also an unrelated indictment charging felonious possession of heroin. Petitioner then received the ten-year sentence, which he claims was unconstitutionally imposed.

Petitioner's objection to the sentencing procedure challenges the basis for the sentencing judge's belief that it was petitioner, rather than his co-defendant, who actually had stabbed the victim. At the time of the guilty plea, the state judge asked petitioner whether he admitted that he had stolen $18 from the victim and had stabbed her. Petitioner made no comment, but his counsel asked for and received an off-the-record bench conference with the judge. Thereafter, the judge rephrased his question so that

Michael Colodner, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellant.

Howard L. Ganz, New York City, for relator-appellee.

Before CLARK, Associate Justice,* and WATERMAN and FEINBERG, Circuit Judges.

* Retired Associate Justice of the Supreme Court of the United States, sitting by designation.

petitioner admitted only that he and his co-defendant had stolen the money and that in the course of the theft a knife had been used which resulted in the stabbing of the woman.

At the sentencing some seven weeks later, the question whether petitioner had done the stabbing arose again. In urging the court to impose a sentence of 5 to 15 years, the prosecutor said:

> After the pocketbook had been taken by Mr. Cleveland's co-defendant and after this man fled with the pocketbook this defendant, and for no purpose whatever, stabbed this woman, requiring hospitalization for some period of time. This was information which I received from a witness who was standing within feet, in fact, had been in conversation with the defendant and his co-defendant prior to the robbery and saw everything quite clearly so she reports to me. It's my feeling, Your Honor, that this defendant stabbed this woman and did it for no purpose whatever, and in light of the psychiatric report which indicates that this man is unethical, I suggest, Your Honor, that this man is a sociopath and is not fit to remain in our society . . . .

In response to this, defense counsel first argued that the co-defendant had received five years and that he and petitioner "would be co-equals as far as guilt is concerned." The prosecutor and the judge then stated that the prior criminal record of the two defendants differed considerably. When the prosecutor again emphasized that "the other defendant had not taken part in the stabbing," the following ensued:

> Mr. Chance [defense counsel]: In drawing that distinction it is very discriminating and the position that he actually took was that because this man had used the knife.
>
> The Court: I certainly think the man who uses the knife is entitled to more.
>
> Mr. Chance: That's not my point, Judge.

> The Court: He's earned it.
>
> Mr. Chance: My point is that he would not be entitled to that vast distinction that he recommends. What you do I don't know. If it goes to that depth there should be a hearing on the question of whether or not his statements the District Attorney has told you are hearsay or true, that he deliberately stabbed her or somebody told him who's watched him stab her. I think that's important. That's ten years difference he's recommending.

The state judge then proceeded to impose sentence. He first commented that he would not follow the recommendation of either counsel. The judge next listed petitioner's sizeable prior criminal record, after which the judge said:

> This October he has reached his pinnacle by actually not only robbing this lady but also stabbing her, and there doesn't seem to be any mitigating circumstances for the stabbing. It was after the robbery was completed.

The judge then sentenced petitioner to a ten-year term. Neither petitioner nor his counsel made any further reference in court to the question of who did the stabbing.

The above relates the essential aspects of the state trial court record as it came to the federal district court. After petitioner brought his application for a writ of habeas corpus, Judge Frankel appointed counsel for him. Thereafter, both sides filed briefs; after reviewing them, the judge pointed out in a memorandum opinion that petitioner

> does not actually say now, under oath (and thus subject to possible federal penalties for perjury), that he was not the wielder of the knife. If his petition were to be granted, however, the purpose would be to afford him an opportunity to place such sworn testimony before the sentencing judge. Unless he plans to do that, the judge's reliance upon the prosecutor's statement (hearsay or no) cannot approach constitutional error.

In response, petitioner filed an affidavit in the district court in which he swore "to the fact of Not being the knife wielder." A few weeks later, Judge Frankel held in a thorough opinion that the state court had denied petitioner due process when it allowed casual hearsay, accepted "over a protest,"

> to "establish" the brutal stabbing for which petitioner has been assessed some indeterminate part of 10 years in prison.

The judge ordered the state to release petitioner unless it proceeded to have him resentenced within 60 days in a hearing that gave him an opportunity "to contest the assertion" that he had done the stabbing. The judge left open "the precise nature or extent" of the hearing on that issue.

## II

There is no doubt, as the district judge recognized, that except for the claimed improper reliance on hearsay to establish the identity of the knife-wielder, there could be no valid constitutional objection to the state court sentence. Petitioner faced a maximum of 25 years in prison upon his guilty plea, and the sentence was well below that. The comparison to the five-year sentence his co-defendant received was not persuasive: Petitioner was sentenced not only on a more serious robbery charge but also on a narcotics charge. In addition, petitioner's criminal record was apparently substantially more extensive than that of his co-defendant. The conclusion of the district court that petitioner had been denied due process had to be—and was—based solely on the state judge's

reliance upon the prosecutor's hearsay statement. Citing Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L. Ed. 1337 (1949), and other cases,[1] the state argues to us principally that the law is clear that a judge may rely upon hearsay information in imposing sentence. Petitioner responds with other decisions of the Supreme Court, e. g., Townsend v. Burke, 334 U.S. 736, 68 S. Ct. 1252, 92 L.Ed. 1690 (1948), and of the courts of appeals, including this one, which hold that a defendant cannot constitutionally be sentenced upon the basis of assumptions that are "materially untrue." Id. at 740–741, 68 S.Ct. 1252.[2] While the issues thus raised are interesting, we find ourselves most persuaded by another of the state's arguments, to which we now turn.

Judge Frankel held that unless petitioner submitted to him an affirmation under oath that he had not stabbed the victim, the state judge's "reliance upon the prosecutor's statement (hearsay or no) cannot approach constitutional error." From this, the state questions how, if a federal judge "on collateral attack of a state conviction could not find constitutional error *on the record before the state court judge*," he can nonetheless rule that the state court judge "committed constitutional error by not considering evidence that was never before him?"[3] While the syllogism is not impervious to attack, e. g., the federal habeas judge is not necessarily confined to the state court record, it has considerable force. It must be remembered that petitioner at no time asserted in the state court that he had not stabbed the victim. When, at the sentencing proceeding, the prosecutor re-

---

1. E. g., Williams v. Oklahoma, 358 U.S. 576, 584, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); Manley v. United States, 432 F.2d 1241, 1245 (2d Cir. 1970) (en banc); United States v. Doyle, 348 F.2d 715 (2d Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965).

2. Petitioner also cites, among other authorities, United States v. Needles, 472

F.2d 652 (2d Cir. 1973); United States v. Weston, 448 F.2d 626 (9th Cir. 1971), cert. denied, 404 U.S. 1061, 92 S.Ct. 748, 30 L.Ed.2d 749 (1972); United States v. Malcolm, 432 F.2d 809, 816 (2d Cir. 1970).

3. Brief for Respondent-Appellant, at 18.

newed the accusation and revealed the source of the information as a nearby eye-witness, petitioner did not immediately deny the charge. At that juncture, his counsel merely pointed to the treatment accorded the co-defendant. Only after the prosecutor had again emphasized the stabbing did petitioner's counsel advert to the issue at all. Even then, there was no flat denial, only a vague claim that "If it goes to that depth, there should be a hearing on the question of whether . . . [the District Attorney's statements] are hearsay or true." It would be technical to point out that, of course, the prosecutor's statements could be both. Putting such niceties aside and going to the heart of the matter, we feel that the flat denial finally made in the federal district court was an important new fact. As the state points out, a clear denial differs from what amounted to "a bare request to put the prosecution to its proof." [4] For purposes of sentencing, considering the hearsay in the latter situation, as the state judge did, is simply not the same as doing so in the former.

■ This raises the question whether, after petitioner had filed the crucial affidavit below, Judge Frankel was justified in going ahead rather than remitting petitioner to a motion for resentence in the state courts, as the state suggested. The judge rejected this course because it "would trivialize what we enshrine as the Great Writ." He also pointed out that any claim of failure to exhaust state remedies came in as "a last-minute suggestion," and that, as a practical matter, an order requiring a state resentencing hearing was not that "much more" than allowing a "motion for" such a hearing. Against this, other considerations come to mind. The fed-

eral-state relationship is subject to considerable stress whenever a federal court is asked to review a state court conviction. Certainly, intrusions should be confined to those absolutely necessary. To this end, the habeas corpus statute itself, 28 U.S.C. § 2254(b), (c), commands a federal district court to stay its hand where adequate and available state remedies remain unexhausted. And the thought that the state's claim of failure to exhaust was no more than a "last-minute suggestion" is not persuasive when it is remembered that the state so argued only after petitioner, for the first time, had unequivocally denied that he had stabbed the victim. Moreover, the law surrounding problems of sentencing involved in this case—even in nonconstitutional aspects of federal criminal procedure—is in flux and presents difficult problems, as our recent decisions in United States v. Needles, supra note 2, and United States v. Brown, 470 F.2d 285 (2d Cir. 1972), indicate. Indeed, a somewhat less tangible, but no less persuasive, consideration counselling against premature federal court intervention is reflected in Judge Frankel's own question "how seemly is it for a federal *nisi prius* judge to hold invalid a state sentence for denial of an opportunity to contest adverse allegations when we still, as of now, claim discretion to withhold the contents of presentence reports? See Fed.R.Crim.P. 32(c)(2)." [5] Viewed in this light, we think that the difference between ordering the state to grant a resentencing (on pain of releasing defendant from custody) and requiring petitioner to move for one is, practically, quite significant.

Under these circumstances, and in light of a presently available state remedy, we believe that the district judge should not have decided the constitution-

4. Id. at 19.

5. The judge also cited contrary authority. See Preliminary Draft of Proposed Amendments to Fed.R.Crim.P. 32(c), 52 F.R.D. 451 (1971). See also United States v. Picard, 464 F.2d 215 (1st Cir. 1972); United States v. Janiec, 464 F.2d 126 (3d Cir. 1972).

al issue until the state sentencing court had a chance to deal with the new factual allegation. See Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1096 (1970) (". . . evidence . . . clearly crucial to the claim . . . should first be presented to the state if the exhaustion rule is to be an effective one.") We find persuasive the state's suggestion that petitioner be required to use his remedy under N.Y. Crim.Proc. Law §§ 440.10, 440.20 [6] to bring to the attention of the state sentencing judge petitioner's explicit sworn denial, never made in the state court, so that the state court may consider the significance of this new fact and how to deal with it. See United States ex rel. Gentile v. Mancusi, 426 F.2d 238 (2d Cir. 1970); United States ex rel. Boodie v. Herold, 349 F.2d 372 (2d Cir. 1965); cf. United States ex rel. Figueroa v. McMann, 411 F.2d 915 (2d Cir. 1966) (per curiam). Accordingly, we remand with instructions to dismiss petitioner's application for a writ without prejudice to renewal after he has exhausted this available state remedy.[7] We are grateful, as was Judge Frankel, to Howard L. Ganz for his admirable representation of petitioner as assigned counsel.

Case remanded.

6. In a letter sent to this court following oral argument, the state represented that petitioner could raise his claim anew, in light of his now explicit and unequivocal denial, in a "motion to set aside sentence," despite the fact that the claim of improper sentencing procedure was raised through the state's appellate courts, and notwithstanding the language of N.Y. Crim.Proc. Law § 440.20(2). Under that section, a state court must deny such a motion ". . . when the ground or issue raised . . . was previously determined on the merits upon an appeal from the judgment or sentence. . . ." As the Attorney General reads the statute, a new allegation of fact is not such a "ground or issue," cf. id. §§ 440.10(2) (a), (b), (d), and we assume that he will make that position known to the

sentencing court. Should the state court disagree with the Attorney General's reading, petitioner may, of course, renew his request for relief in federal court.

7. We are also aware that in petitioner's brief to the Appellate Division, his then counsel argued that petitioner had "expressly denied" the hearsay assertion. This claim was not borne out by the record, as we have already made clear, and we do not know whether the Appellate Division also so concluded, in affirming without opinion. People v. Cleveland, 38 A.D.2d 891, 330 N.Y.S.2d 288 (1st Dep't 1972), In any event, the point is that on the record before the federal district court, the express denial had never been brought to the attention of the state sentencing judge.