**Eladio RIVERA, Petitioner,**

v.

**Harold J. SMITH, Superintendent, Attica State Correctional Facility, Respondent.**

**79 Civ. 4147 (WK).**

United States District Court, S. D. New York.

July 9, 1980.

Eladio Rivera, pro se.

Robert M. Morgenthau, Dist. Atty. of New York County, New York City, for respondent; Robert M. Pitler, Deborah Garay, Asst. Dist. Attys., New York City, of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Before us is a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner was tried in state court by a jury and convicted on a charge of felony murder. On April 2, 1974 he was sentenced to a term of fifteen years to life imprisonment. Petitioner argued on appeal to the New York appellate courts that the People had failed to prove him guilty beyond a reasonable doubt, and that the trial court had erred in failing to charge the jury that it might find one of the People's witnesses to have been an accomplice. On May 4, 1976 the judgment was affirmed without opinion by the Appellate Division for the 1st Department. 52 A.D.2d 1097, 384 N.Y.S.2d 713. Leave to appeal to the New York Court of Appeals was denied. 39 N.Y.2d 1065, 389 N.Y.S.2d 1034, 357 N.E.2d 1030. At all stages of the state proceedings, petitioner was represented by counsel.

The petition in this action was filed by petitioner, proceeding *pro se*, on August 8, 1979. He again claims that his guilt has not been proven beyond a reasonable doubt and that the trial court erred in failing to instruct the jury that it might find one of the witnesses to have been an accomplice. In paragraph 12 of the petition he sets forth his habeas claims as arising under the Constitution of the United States.[1]   Respondent, in his answer, urges that the peti-

---

1. While the claim of insufficiency of evidence could have raised a constitutional question if properly presented, *Jackson v. Virginia* (1979) 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, it is difficult to see how any constitutional question could arise out of the claim that the jury had been misdirected as to accomplice testimony.

tion be dismissed on the ground, among others, that petitioner has failed to exhaust his available state remedies.

There is no reference whatsoever in petitioner's 16-page brief before the Appellate Division to any federal constitutional claim, to any federal case, or, for that matter, to the United States Constitution. In a number of recent cases beginning with *Johnson v. Metz* (2d Cir. 1979) 609 F.2d 1052, the Court of Appeals for this Circuit has held that under the exhaustion doctrine and in the aftermath of *Picard v. Connor* (1971) 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438, habeas relief cannot be granted unless the federal constitutional issues being urged have been expressly presented to the state courts for appellate review. See also *Gayle v. LeFevre* (2d Cir. 1980) 613 F.2d 21; *Twitty v. Smith* (2d Cir. 1979) 614 F.2d 325. Specifically in *Twitty*, the Court (per Kearse, C. J.) held, 614 F.2d at 331:

> "In order to exhaust his state remedies a petitioner must have 'fairly presented' to the state court the same claim that is the basis for his petition for habeas corpus. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). This requires that the facts on which the defendant relies have been called to the attention of the state court, *e. g., United States ex rel. Cleveland v. Casseles*, 479 F.2d 15 (2d Cir. 1973), and that the state court be informed of the legal basis for the claim. *E. g., Picard v. Connor, supra; Johnson v. Metz*, 609 F.2d 1052 (2d Cir. 1979). The goal of these requirements, in the interest of federal-state comity, is simply to ensure that the federal courts not intrude upon state proceedings unless and until the state courts have been given a fair opportunity to consider and act upon the claims on which the habeas corpus petition is based."

While the cases cited dealt with claims of unfair trial (*Johnson* and *Gayle*) and ineffective assistance of counsel (*Twitty*), we see no reason why a different rule should be applied in the case at bar. Furthermore, as seems clear from Judge Oakes' vigorous dissent in *Gayle*, 613 F.2d at 24, words such as "under the Due Process Clause" or "under the Constitution" which spell out a federal constitutional claim must have been included in the state appellate briefs (or raised in the course of argument before a state appellate court) in order for a federal district court in this Circuit to be able even to consider granting habeas relief. There is no suggestion in the papers before us that petitioner asserted or referred to any federal claim in the state court proceedings.

Consequently, under the constraint of *Johnson v. Metz, supra*, and its progeny, we must dismiss the petition.

The petition for habeas corpus is dismissed without prejudice.

SO ORDERED.