**Thomas J. ANDERSON, Petitioner,**

v.

**Eugene LeFEVRE, Superintendent, Clinton Correctional Facility Annex, and The Attorney General of the State of New York, Respondents.**

**No. 80 Civ. 2635(RJW).**

United States District Court,
S. D. New York.

March 3, 1981.

Thomas J. Anderson, petitioner pro se.

Carl A. Vergari, Dist. Atty. of Westchester County, White Plains, N. Y., for respon-

dents; Janet Cunard, Asst. Dist. Atty., White Plains, of counsel.

ROBERT J. WARD, District Judge.

*Pro se* petitioner Thomas J. Anderson seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons hereinafter stated, Anderson's petition is dismissed without prejudice.

In 1975, Anderson was charged in two indictments with four counts of attempted sodomy in the first degree and two counts of sodomy in the first degree. During a pre-trial identification hearing held April 1, 1976, Anderson entered a plea of guilty to the crimes with which he was charged. On May 4, 1976, Anderson was sentenced as a predicate felon to concurrent sentences of seven and one-half to fifteen years. The judgment was unanimously affirmed on December 19, 1977, by an order of the Supreme Court of the State of New York, Appellate Division, Second Judicial Department.

■ An application for a writ of habeas corpus may not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b). This rule of exhaustion requires that a state prisoner's constitutional claim be "fairly presented" to the state courts before a federal habeas corpus petition is filed. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). A claim has been "fairly presented" within the meaning of *Picard* if "the facts on which the defendant relies have been called to the attention of the state court," and if the state court has been informed "of the legal basis for the claim." *Twitty v. Smith*, 614 F.2d 325, 331 (2d Cir. 1979).

■ Here, Anderson attacks his state court conviction on two grounds. First, he contends that his guilty plea was involuntary. He supports this contention by alleging that at the time of the plea he was mentally incompetent and under medication for his psychiatric problems. It is well settled that where a state prisoner's guilty plea is involuntary, a resultant judgment of conviction is constitutionally infirm and subject to collateral attack by way of federal habeas corpus. *Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962). However, while Anderson argued on appeal that his guilty plea was involuntary, he contended only that this fact made his conviction void as a matter of New York law, and not that it invalidated his conviction as a matter of federal constitutional law.

■ Under the law of this Circuit, where "an examination of the appellant's brief in the Appellate Division reveals that federal constitutional claims, as such, were not raised in that court," meaning that "[s]uch claims were expressly raised for the first time in the present petition for a writ of habeas corpus," the petition must be dismissed for failure to exhaust state remedies. *Gayle v. LeFevre*, 613 F.2d 21, 22 (2d Cir. 1980). As a result, for a district court in this Circuit to be able even to consider granting habeas relief, the petitioner's state briefs must have included words, such as "under the due process clause" or "under the Constitution," that clearly spell out a federal constitutional claim. *Rivera v. Smith*, 492 F.Supp. 1017, 1018 (S.D.N.Y. 1980). Anderson's appellate brief contained no such words, and thus fails to pass muster under the exacting standard set forth above. Anderson may still present his federal constitutional claim to the New York state courts under N.Y.Crim.Proc.L. § 440.-10(1)(h), pursuant to which a person may move "[a]t any time" to vacate a judgment if "[t]he judgment was obtained in violation of a right of [such person] under the constitution of [New York] state or of the United States." *See Laureano v. Harris*, 500 F.Supp. 668, 672 (S.D.N.Y.1980).

The second ground argued by Anderson in support of his instant petition contends that he was denied effective assistance of counsel during his appeal of his conviction. Specifically, Anderson alleges that his attorney on appeal (1) omitted to make certain arguments that support Anderson's contention that his guilty plea was involun-

tary; (2) neglected to raise the state's failure to conduct certain court-ordered psychiatric examinations; and (3) refused to seek leave to appeal Anderson's case to the New York Court of Appeals, despite Anderson's repeated requests that such leave be sought.

Anderson concedes that this claim has not been presented to the New York state courts in any form. He argues that, since the alleged conduct occurred during the course of his appeal, he lacked any opportunity to present this claim to the New York state courts, and thus that his petition does not run afoul of the exhaustion rule. The Court notes, however, that Anderson could have presented his claim of ineffective assistance of counsel to the Appellate Division by way of a motion for reargument. *See* N.Y.Crim.Proc.L. § 470.-50(1) (appellate court may, in the interest of justice and for good cause shown, order a reargument of an appeal taken pursuant to N.Y.Crim.Proc.L. art. 450). Indeed, under the court rules of the Second Department, such a motion might even be considered by the Appellate Division at the present time, upon a showing of good cause. McKinney's 1980 New York Court Rules § 670.5; *see Epps v. Smith,* 80 Civ. 4534(RJW), slip op. at 2–3 (S.D.N.Y. Dec. 8, 1980). Thus the exhaustion rule is not satisfied with respect to Anderson's second claim.

Anderson has failed to exhaust his state remedies with respect to either of the claims contained in his petition. Accordingly, his petition for a writ of habeas corpus is dismissed without prejudice.

No certificate of probable cause will issue pursuant to 28 U.S.C. § 2253 because the Court finds that there are no questions of substance on which the court of appeals should rule. Moreover, inasmuch as an appeal from this order would be frivolous, the Court certifies, pursuant to the *in forma pauperis* provisions of 28 U.S.C. § 1915(a), that such an appeal would not be taken in good faith.

It is so ordered.