Julio Antonio CARBALLEA, Petitioner,

v.

Harold J. SMITH, Superintendent, Attica Correctional Facility, Respondent.

No. 81 Civ. 7932 (JES).

United States District Court,
S.D. New York.

Nov. 15, 1983.

As Amended Dec. 1, 1983.

Julio Antonio Carballea, pro se petitioner.

Robert M. Morgenthau, Dist. Atty., New York City, for respondent; Mark Dwyer, Donald J. Siewert, Asst. Dist. Attys., New York City, of counsel.

## OPINION & ORDER

SPRIZZO, District Judge.

Petitioner Julio Antonio Carballea seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is currently in state custody serving a sentence of twenty-five years to life following a conviction in New York Supreme Court, New York County, for second degree murder. The Appellate Division, First Department, affirmed his conviction without opinion, and leave to appeal to the New York Court of Appeals was denied. Carballea contends that his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution were violated during his trial.

This pro se petition was referred to Magistrate Washington for her report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Washington found that Carballea had fully exhausted

1. Respondent also argues for the first time in his objections to the Magistrate's report that four additional claims should be dismissed because petitioner committed procedural defaults in the state trial court which bar their determination here. *See, e.g., Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In light of the Court's disposition of this petition, it is not necessary to reach the issue of procedural defaults at this time.

2. The second claim which respondent argues is unexhausted is one of prosecutorial misconduct.

state court procedures for raising his various claims and recommended that the petition be dismissed on the merits. Both parties have filed objections to the Magistrate's report. Petitioner challenges the Magistrate's determination that his claims lack merit. Respondent argues that two of petitioner's claims were not exhausted in the state courts and that the entire petition should therefore be dismissed on that basis pursuant to *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).[1] This Court must make a *de novo* determination as to those portions of the Magistrate's report to which objection is made. 28 U.S.C. § 636(b)(1); Rule 8(b)(4) of the Rules Governing Section 2254 Proceedings in the United States District Courts.

To be exhausted, constitutional claims must have been fairly presented to the state courts. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). "Fair presentation" requires that the factual as well as the legal basis for a claim have been before the state courts. *Daye v. Attorney General of New York,* 696 F.2d 186, 191 (2d Cir.1982) (en banc); *Twitty v. Smith,* 614 F.2d 325, 331 (2d Cir.1979).

The Court finds that petitioner's due process claim with respect to his pre-trial identification was not fairly presented to the state courts and is therefore unexhausted.[2] In the instant petition, Carballea argues that he was denied due process because the trial judge refused to order the production of either the names of identification witnesses or the witnesses themselves at a pre-trial hearing, which produc-

Petitioner alleges that the prosecution improperly called an assistant district attorney whose misleading testimony cast doubt on the veracity of one of petitioner's alibi witnesses. Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus ("Petitioner's Memorandum") at 30–34. Since the Court has already found one claim to be unexhausted, it is not necessary to rule on the status of the prosecutorial misconduct claim, although it appears that that claim was fairly presented to the state court.

tion was relevant to his contention that the identification procedures employed following his arrest may have been impermissibly suggestive. In support of that claim, petitioner argues that a witness, Angelo Lopez, who had identified his picture in a photo display could not later identify him in an actual lineup. Petitioner's Memorandum at 20–24.

While petitioner did argue to the appellate division that the identification procedures may have been suggestive, he never mentioned Lopez's identification as a factual predicate for that contention. Instead, he argued generally that testimony in the trial record showed that the identifications might have been unreliable, Appellant's Brief to the Appellate Division at 15–17, and that an identification by another witness, Efraim Melendez, was particularly indicative of a possibly suggestive procedure, *id.* at 15–16.[3] Thus, the contention now asserted in this Court as an essential factual predicate to this due process claim, *i.e.*, that Lopez selected his photo from a display but could not later identify him in a lineup, was never presented to the state court.

Given that circumstance, the Court cannot conclude that the state courts had a fair opportunity to fully consider that claim. *See Daye v. Attorney General of New York*, 696 F.2d at 191; *Boothe v. Superintendent, Woodbourne Correctional Facility*, 656 F.2d 27, 31 (2d Cir.1981); *United States ex rel. Cleveland v. Casscles*, 479 F.2d 15, 19–20 (2d Cir.1973). Since one of petitioner's claims is unexhausted, the entire petition must be dismissed unless he files an amended petition within thirty days omitting the unexhausted claim.[4] *Rose v. Lundy*, 455 U.S. at 520–22, 102 S.Ct. at 1204–05.

SO ORDERED.

---

**3.** Melendez recognized petitioner from a New Jersey newspaper photo and accompanying story which identified Carballea as having been recently acquitted in a homicide case in New Jersey. Trial Transcript at 355.

---

**4.** If petitioner chooses to proceed solely upon his unexhausted claims, he risks possible dismissal of a subsequent petition as an abuse of the writ. *Rose v. Lundy*, 455 U.S. at 520–21, 102 S.Ct. at 1204.