Joseph R. HEALEY, Petitioner,

v.

PEOPLE OF the STATE OF NEW
YORK, Respondent.

No. 76 Civ. 4062.

United States District Court,
S. D. New York.

Jan. 30, 1978.

Joseph R. Healey, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of N. Y., by Joan P. Scannell, Asst. Atty. Gen., New York City, for respondent.

## MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

■ Joseph R. Healey petitions this court for a writ of habeas corpus, 28 U.S.C. § 2254, on the ground that he was denied effective assistance of court-appointed counsel in violation of his rights under the Sixth Amendment to the Constitution.[1] The petition will be dismissed in 30 days from the filing of this order unless, prior to that date, petitioner submits specific information to the court showing that defense counsel failed to present a "substantial defense" at trial.

Petitioner was convicted in New York County Court, Orange County, of Criminal Possession of Stolen Property in the First Degree after a jury trial. He was sentenced to a minimum of two years and four months and a maximum of seven years imprisonment on May 24, 1973. The Appellate Division affirmed the case after remanding it to the trial court for resentence due to failure to set forth reasons for imposition of a minimum sentence. *People v. Healey*, 46 A.D.2d 691, 360 N.Y.S.2d 440 (2d Dept. 1974) (remand), 50 A.D.2d 726, 375 N.Y.S.2d 499 (2d Dept. 1975). The New York Court of Appeals twice denied leave to appeal. Certiorari was denied by the Supreme Court in 421 U.S. 1003, 95 S.Ct. 2405, 44 L.Ed.2d 672 (1975).

The prosecution's case was simple. One state police officer testified that on August 18, 1972 he stopped a car which was missing a front license plate. The driver was unable to produce a driver's license or registration. He did say that his name was Joseph Healey and produced an expired Marine Corps identification card with that name. The card contained a photograph which the officer compared with the driver and found to be the same person. The officer then walked to his patrol car to run a check on the automobile. At this point the driver fled into nearby woods and was not located. The radio check on the car revealed that it had been stolen from an automobile dealer who testified to his ownership of the car at trial. At trial, the officer identified petitioner as the driver of the vehicle.

The last prosecution witness was a second state police officer who testified as to the chain of custody of the identification card, which was received in evidence at trial, and who arrested petitioner at the Fishkill State Police Barracks. The record does not reveal how Healey first arrived at the Barracks.

The defense case consisted solely of petitioner's testimony. After admitting to a series of criminal convictions, including petty larceny involving the theft of an automobile in New York, grand larceny and burglary in New York, grand larceny in Missouri and burglary in New Jersey, Healey testified that on August 18, 1972 he was "[a]pproximately somewhere in the state of California, in the city of Los Angeles." (Tr. T. Apr. 5, 1973, at 91.) He claimed to be doing manual labor for "different outfits."

■ The Second Circuit standard for granting a writ of habeas corpus on the ground of ineffective assistance of counsel is that

"[a] lack of effective assistance of counsel must be of such a kind as to shock the

---

1. Petitioner also claims that his conviction was not supported by the evidence. That issue is not of constitutional dimension unless there is no proof whatever of the crime charged. *Unit-* *ed States ex rel. Terry v. Henderson*, 462 F.2d 1125, 1131 (2d Cir. 1972). Based on the trial transcript, this claim is frivolous.

conscience of the Court and make the proceedings a farce and mockery of justice . . . ."

*United States ex rel. Marcelin v. Mancusi,* 462 F.2d 36, 42 (2d Cir. 1972) quoting *United States v. Wight,* 176 F.2d 376, 379 (2d Cir. 1949), *cert. denied,* 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). The burden of proof is on petitioner. 462 F.2d at 42.[2]

■ Petitioner's claim, stated at a state court hearing, at the state trial, and now in this habeas corpus petition, is that his court-appointed counsel refused to consult with him about his case. The record below bears out this contention which, in any event, is not contested by the State. However, this is only the starting point in the analysis. Despite the fact that a defense attorney should obviously consult with his client in order to present the best possible defense, the failure to consult with the defendant is not a per se violation of the defendant's Sixth Amendment rights, nor does the failure to consult automatically require the court to hold an evidentiary hearing on the alleged Sixth Amendment violation. *Chambers v. Maroney,* 399 U.S. 42, 54, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Rather, any violation of petitioner's Sixth Amendment rights must be gleaned from the record as a whole. *Chambers, supra; Marcelin, supra,* 462 F.2d at 44–5.

The starting point in judging petitioner's claim is to gauge the strength of the prosecution's and defendant's case. *United States v. Carroll,* 510 F.2d 507, 512 n. 6 (2d Cir. 1975), *cert. denied,* 426 U.S. 923, 96 S.Ct. 2633, 49 L.Ed.2d 378 (1976); *Testamark v. Vincent,* 496 F.2d 641, 643 (2d Cir. 1974), *cert. denied,* 421 U.S. 951, 95 S.Ct. 1685, 44 L.Ed.2d 105 (1975). As the facts recited above demonstrate, the case against Healey was quite strong. Healey's credibility was probably affected by the jury's knowledge of his criminal record. Healey's alibi, aside from the credibility problem,

was hardly convincing since he offered no employers' names or other proof of alibi.

The question is whether defense counsel's performance was such as to make a farce and mockery of justice. Specifically, was petitioner prejudiced by his counsel's failure to present "the essence of a substantial defense." *Testamark, supra,* 496 F.2d at 643. Or was there a "total failure to present the cause of the accused in any fundamental respect." *Marcelin, supra,* 462 F.2d at 42.

■ The record reveals the following deficiencies of trial counsel: clear failure to consult with petitioner (although the record does indicate that trial counsel proceeded on the basis of a file which was compiled by others in the legal aid office); unfamiliarity with a prior hearing in the case; waiver of an opening statement; cross-examination and motion practice which was lethargic at best. On appeal, petitioner was represented by the same legal aid office. The office argued on appeal that its own representation of petitioner at trial was inadequate.[3]

Petitioner adds the following alleged deficiencies: failure of counsel to exploit supposed inconsistencies in the testimony at the pre-trial hearing and at the trial; failure of counsel to call certain unspecified defense witnesses; failure of counsel to elicit that the State Police may have been prejudiced against petitioner.

■ The allegations above, except perhaps for the claim that certain witnesses were not called by defense counsel, are not sufficient to state a claim of inadequate assistance of counsel. The general rule is that habeas relief will not be granted where it is shown only that there have been tactical or strategical errors of counsel, or that the case could have been better tried. *Rickenbacker v. Warden,* 550 F.2d 62, 66 (2d Cir. 1976), *cert. denied,* 434 U.S. 826, 98

---

2. This standard has recently been criticized in a dissent of Judge Oakes. *Rickenbacker v. Warden,* 550 F.2d 62, 67–8 (2d Cir. 1976), *cert. denied,* 434 U.S. 826, 98 S.Ct. 103, 54 L.Ed.2d 85 (1977) ("reasonable competency" preferred to "farce and mockery").

3. Petitioner states in his papers (Petition at 10) that he requested the Appellate Division to relieve his assigned appellate counsel. That request was apparently refused.

S.Ct. 103, 54 L.Ed.2d 85 (1977); *United States ex rel. Pugach v. Mancusi*, 310 F.Supp. 691, 716 (S.D.N.Y.1970), *aff'd*, 441 F.2d 1073 (1971), *cert. denied* 404 U.S. 849, 92 S.Ct. 156, 30 L.Ed.2d 88 (1971).

The court is impressed with the strength of the prosecution's case. In the face of the overwhelming evidence against petitioner, all but one of his claims of ineffective assistance of counsel will not warrant habeas relief. The one allegation that could possibly support this habeas petition is Healey's claim that defense counsel refused to produce certain witnesses. In this court's view the only witnesses whose presence could have affected the outcome of the trial would have been alibi witnesses who could have substantiated petitioner's claim that he was in California at the time of the offense.

■ If it were not for the fact that it seems clear that counsel did, indeed, refuse to confer with petitioner, this court would dismiss this petition for failure to allege with specificity a substantial defense not presented by defense counsel. *United States ex rel. Mitchell v. LaVallee*, 417 F.Supp. 154, 160 (S.D.N.Y.) *aff'd*, 551 F.2d 301 (1976). However, since this court is of the view that counsel's failure to consult with petitioner represented a serious breach of his obligation toward his client and may have seriously compromised Healey's defense, Healey will be given an opportunity to submit information to this court which must clearly indicate that Healey's counsel neglected to present a substantial defense. More specifically, names and addresses of witnesses, for example, must be furnished. Specific proof that petitioner was in California must be offered.

For petitioner's further guidance, this information could include sworn affidavits from his past California employers substantiating his alibi. Petitioner has 30 days from the filing of this opinion in which to submit this information to the court.

SO ORDERED.