**UNITED STATES of America ex rel. Lamont HOGAN, Petitioner,**

v.

**Raymond R. BARA, Superintendent, Queensboro Correctional Facility, et al., Respondents.**

**No. 80 CV 3420.**

United States District Court, E.D. New York.

Report and Recommendation July 14, 1983.

Jan. 9, 1984.

---

Lamont Hogan, pro se.

Elizabeth Holtzman, Dist. Atty., Kings County, Brooklyn, N.Y., Debra W. Petrover, Brooklyn, N.Y., of counsel, for respondents.

McLAUGHLIN, District Judge.

The annexed Report and Recommendation of the Honorable John L. Caden, United States Magistrate, is hereby adopted as the Opinion of this Court. No objections were filed within the time permitted.

SO ORDERED.

## REPORT AND RECOMMENDATION

This *pro se* habeas corpus petition is before the Court on the application of Lamont Hogan, who is currently incarcerated at the Arthur Kill Correctional Facility. The matter was referred to the undersigned by an order dated March 27, 1981.

### FACTS

Petitioner was arrested on April 20, 1974 for the robbery of a restaurant. He made a statement to Detective Clerkin at the 71st Precinct in Brooklyn, admitting his role in the robbery. Two witnesses also identified petitioner as one of the perpetrators seen running out of the restaurant immediately after the robbery. On April 30, petitioner, along with two others, was indicted under indictment number 2157/74 for two counts of robbery in the first degree (N.Y.Penal Law § 160.15), one count of robbery in the second degree (N.Y.Penal Law § 160.10), and two counts of grand larceny (N.Y.Penal Law § 155.30). Petitioner was then released on bail. On May 20, 1974, he failed to appear in connection with this charge in New York State Supreme Court, Part One. A bench warrant was issued for his arrest.

Petitioner was also indicted under indictment number 2212/76 for criminal possession of stolen property in the second degree (N.Y.Penal Law § 165.45). He had allegedly sold a stolen United States treasury check, valued at $426.25, to an undercover police officer for $45.00, on March 19, 1976.

Petitioner was arrested with another on December 21, 1976 after allegedly taking property from a person who was sleeping on a subway bench. At the time, petitioner was using an alias. He was indicted under indictment number 4021/76 for grand larceny in the third degree (N.Y.Penal Law § 155.30), criminal possession of stolen property in the third degree (N.Y.Penal Law § 165.40) and jostling (N.Y.Penal Law § 165.25). Petitioner was arraigned on January 18, 1977 and released on bail. After his failure to appear in court on February 10, 1977, a warrant was issued for his arrest.

On January 11, 1978, petitioner was arraigned on indictment numbers 2157/74 and 2212/76. He also retained Ira Van Leer, Esq. as counsel on that date. Petitioner had an outstanding indictment (number 5499/73) on his record for robbery in the first degree. The indictment was under the name of "Aaron Haley."

On June 8, 1976, the People moved to consolidate indictments 2157/74 and 5499/73 into 2157/74. The court granted

the motion. Indictment 4021/76 was also consolidated into indictment number 2212/76 (Plea minutes pp. 2–3). Petitioner pled guilty to consolidated indictments 2157/74 and 2212/76. In exchange for these pleas, the court promised petitioner a sentence of three and a half years minimum to seven years maximum on indictment 2157/74 and a concurrent sentence of two to four years on indictment 2212/76 (Plea minutes pp. 10–11, 20).

At the time of accepting each plea, the court asked petitioner if he was satisfied with the representation he was being afforded by his attorney. Petitioner answered in the affirmative both times (Plea minutes pp. 5, 16). Petitioner also indicated to the court that he was pleading guilty of his own free will. The court then inquired as to whether petitioner understood that the guilty pleas were the equivalent of confessions of guilt, that he was not obligated to plead guilty, and that by pleading guilty he would waive his rights to a trial by jury, to confront witnesses against him and to cross-examine them. Petitioner said he understood (Plea minutes pp. 6–7, 17–18).

After both pleas were accepted by the court, sentencing was set for September 18, 1978 (Plea minutes, p. 20). The court repeatedly told petitioner that it would not be bound by its sentence promises if petitioner did not appear (Plea minutes, pp. 11, 22).

Petitioner failed to appear on the assigned sentencing date and a bench warrant was issued for his arrest. Petitioner was produced on the bench warrant on October 10, 1978 and sentencing was rescheduled for October 16th. On that date petitioner was represented by his retained counsel's associate, Valerie Van Leer Greenberg, Esq.

Before being sentenced by the court, petitioner entered a motion to withdraw his guilty pleas (Sentence minutes, pp. 2–6). He claimed that "his plea was made under duress and that he was experiencing mental anguish and pressure from counsel" (Sentence minutes p. 5). Petitioner also explained to the court that he took the plea

because, at the time, he was tired from working two jobs and not getting much sleep. He also claimed he took the plea because he was "distraught that night" (Sentence minutes pp. 3–4). Petitioner stated in a letter that "Valerie [was] very good, but [all] Mr. Van Leer thought about was money, and I didn't have the money to give to him for him to really represent me correctly, and I felt that was the reason I actually took the plea" (Sentence minutes, p. 4).

The court reviewed the plea minutes and noted that questions were asked of petitioner concerning his constitutional rights and that petitioner had indicated that his plea was offered voluntarily and without coercion. The court went on: "... [I]n your own words [you told me] how this crime was committed by you. In effect, Mr. Hogan, you admitted your guilt" (Sentence minutes, p. 11).

Petitioner claimed that Mr. Van Leer knew that he wanted to go to trial. The court responded by reminding petitioner that he had four months from the plea date to inform the court that he wanted to withdraw his plea (Sentence minutes pp. 18–20).

The court denied petitioner's motion to withdraw his plea (Sentence minutes p. 24). Because of petitioner's personal problems, the court reinstated its original promises for sentencing of three and a half to seven years on consolidated indictment 2157/74 and two to four years on consolidated indictment 2212/76 to run concurrently (Sentence minutes, pp. 37–38).

Petitioner's conviction was unanimously affirmed by the Appellate Division, Second Department, without opinion. *People v. Hogan*, 75 A.D.2d 1029, 427 N.Y.S.2d 895 (2d Dept.1980). Leave to appeal to the New York State Court of Appeals was denied (Gabrielli, J.).

Petitioner now seeks habeas corpus relief on three grounds: (1) he was denied due process because the court denied his motion to withdraw his guilty plea, which was given involuntarily; (2) he was denied his right to effective assistance of counsel;

and (3) he was denied his right to speedy trial.

## DISCUSSION

■■■■ "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court, shall not be granted unless it appears that the applicant has exhausted the remedies available in the court of [that] state..." 28 U.S.C. § 2254(b). *See Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The purpose of this requirement is to ensure that the federal courts do not intrude upon state proceedings unless and until the state courts have been given a fair opportunity to consider and act upon the federal claims on which the habeas petition is based. *Twitty v. Smith*, 614 F.2d 325, 331 (2d Cir.1979). In order for a federal claim to have been fairly presented to the state court, the state court must have been informed of both the factual and legal bases of the claim. *Picard v. Connor, supra* 404 U.S. at 276–77, 92 S.Ct. at 512–13; *Daye v. LeFevre*, 696 F.2d 186, 191 (2d Cir.1982).

■■■■ Although petitioner's brief to the Appellate Division has not been submitted here, the brief of the Kings County District Attorney to that court has been incorporated into respondent's papers and is available. It is apparent from the text of the District Attorney's brief that the constitutional claims raised by petitioner in the instant habeas corpus proceeding were fairly presented to the New York appellate courts. Respondent has not argued otherwise. Petitioner exhausted his state law remedies for these claims, therefore, when he was denied leave to appeal to the New York State Court of Appeals. *Daye v. LeFevre, supra* at 191; *Klein v. Harris*, 667 F.2d 274, 282–84 (2d Cir.1981).

■■■■ Respondent has argued that the Appellate Division denied petitioner's speedy trial claim based upon a state procedural waiver, independent of the claim's constitutional merits. This circumstance would not

change the finding that petitioner exhausted his state court remedies for the speedy trial claim. *See Engel v. Issac*, 456 U.S. 107, 127 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982). It would, however, preclude federal habeas review of the claim's constitutional merits, absent a showing of cause or prejudice attendant to the state procedural waiver. *Wainwright v. Sykes*, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–2507, 53 L.Ed.2d 594 (1977).

The discussion will proceed, therefore, to the merits of petitioner's claims that his guilty pleas were involuntary and that he was denied effective assistance of counsel. Respondent's contention that petitioner's speedy trial claim was the subject of a state procedural waiver will also be discussed, *infra.*

## 1. WITHDRAWAL OF GUILTY PLEA

Petitioner contends that his guilty pleas were entered while he was under duress, tired and distraught (Sentence minutes pp. 3–5) and, therefore, the pleas were entered involuntarily.

The standard for determining the voluntariness of guilty pleas is as follows:

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970) (*quoting Shelton v. United States*, 242 F.2d 101, 115, *rehearing en banc*, 246 F.2d 571, 572 n. 2 (5th Cir.1957), *rev'd on other grounds*, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958)).

The state court record shows that petitioner entered the pleas in question here of his own free will, without coercion. In addition, petitioner indicated that he under-

stood he was waiving certain constitutional rights when he entered the pleas (Plea minutes pp. 6–7, 17–18). The trial court made the necessary inquiries into the factual basis of the pleas before accepting them. *Blackledge v. Allison*, 431 U.S. 63, 79, 97 S.Ct. 1621, 1632, 52 L.Ed.2d 136 (1977); *see Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Gunn v. Kuhlman*, 479 F.Supp. 338, 343 (S.D.N.Y. 1979); *Federal Rules of Criminal Procedure*, Rule 11(c).

■ Petitioner described how the robbery was committed by him (Plea minutes pp. 11–13). Such admissions on the record are strong evidence of actual guilt, *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970), and provide a factual basis for accepting a guilty plea, *see Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971).

In sum, "[petitioner's] plea of guilty was entered in open court and before a judge obviously sensitive to requirements of the law with respect to guilty pleas." *Brady v. United States, supra* 397 U.S. at 754–5, 90 S.Ct. at 1472. Moreover, the record does not indicate that the judge abused his discretion in deciding not to hold an evidentiary hearing with respect to petitioner's factual claims. *See United States v. Rios*, 490 F.Supp. 215, 219 (E.D.N.Y.1980); *Fluitt v. Superintendent, Green Haven Correctional Facility*, 480 F.Supp. 81, 85–6 (S.D.N.Y.1979); *United States ex rel. Scott v. Mancusi*, 429 F.2d 104, 109 (2d Cir.1970). *Accord People v. Tinsley*, 35 N.Y.2d 926, 927, 365, 65 N.Y.S.2d 161, 162, 324 N.E.2d 544, 545 (1974).

■ It is well established in this circuit that a petitioner in a habeas corpus proceeding assumes the burden of establishing that his prior guilty plea was not voluntarily and intelligently made. *Carrasquillo v. LeFevre*, 504 F.Supp. 129, 131 (S.D.N.Y.1980). Petitioner's bare allegation that he made the pleas involuntarily

does not meet this burden. *Gunn v. Kuhlman, supra* at 343–44.[1]

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

■ Petitioner's claim of ineffective assistance of counsel is also without merit.

It is the rule in this circuit that a claim of a lack of effective assistance of counsel will be upheld only where the representation afforded was "of a kind as to shock the conscience of the court and make the proceedings a farce and mockery of justice." *United States v. Wight*, 176 F.2d 376, 379 (2d Cir.1949), *cert. denied*, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950); *Indiviglio v. United States*, 612 F.2d 624 (2d Cir.1979), *cert. denied*, 445 U.S. 933, 100 S.Ct. 1326, 63 L.Ed.2d 768 (1980). The burden is on the petitioner to prove that the representation afforded by his counsel reached this low ebb. *United States v. Wight, supra; Healey v. People of the State of New York*, 453 F.Supp. 14, 16 (S.D.N.Y.1978).

■ The record here does not support petitioner's claim of ineffective assistance of counsel.

Petitioner profited from his lawyer's advice. His sentence was considerably lighter than it might have been. He profited from the give and take negotiation in the plea bargaining between his lawyer and the prosecution. *See Gunn v. Kuhlman, supra* at 343. Moreover, his counsel made the appropriate pre-trial motions.

Petitioner also contends that Mr. Van Leer did not proceed to trial as petitioner wished because he had no money to pay counsel.

However, petitioner had ample opportunity during the allocution before entering his guilty pleas, and thereafter up to the sentencing date, to inform the New York State court of any alleged problems he was having with retained counsel. He did not take advantage of this opportunity. Instead, petitioner stated that he was entering the

---

1. Similarly, the New York State courts maintain that "... an application to set aside a guilty plea on grounds that it was exacted from defendant by duress of circumstances, ... is entitled to

short shrift when supported only by the convicted defendant's say so." *People v. Lowrance*, 41 N.Y.2d 303, 305, 392 N.Y.S.2d 417, 418, 360 N.E.2d 1099, 1101 (1977).

pleas of his own free will, without coercion, that he waived trial, and that he was satisfied with the negotiated sentences and with the representation afforded by counsel. Given this record, petitioner's mere allegations of incompetency or inefficiency of counsel will not suffice as grounds for issuance of a writ of habeas corpus. *See United States v. Wight, supra; see also Blackledge v. Allison, supra* 431 U.S. at 73–78, 97 S.Ct. at 1628–1631 (discussing sufficiency of collateral attack on guilty plea on ground of unkept promise by prosecution when viewed in light of state court record).

### 3. SPEEDY TRIAL

Respondent contends that since petitioner did not object to the trial court concerning the alleged denial of speedy trial, petitioner waived that claim under New York Criminal Procedure Law § 470.05(2).[2] Respondent further contends that the state procedural waiver constituted an independent and adequate state ground for the Appellate Division's affirmance of the conviction, thus precluding federal review of petitioner's constitutional claim. The undersigned agrees with respondent on both points.

 The prosecutor's brief to the Appellate Division raised the procedural waiver and in the alternative argued the merits of the constitutional claim. Therefore, it should be assumed that the affirmance by the Appellate Division, without opinion, was grounded on the procedural waiver. *Martinez v. Harris,* 675 F.2d 51, 54 (2d Cir.1982); *Gilmore v. Curry,* 523 F.Supp. 1205, 1207 (S.D.N.Y.1981); *see People v. Primmer,* 46 N.Y.2d 1048, 1049, 416 N.Y.S.2d 548, 549, 389 N.E.2d 1070

---

**2.** New York Criminal Procedure Law § 470.-05(2) reads as follows:

For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same. Such protest need not be in the form of an "exception" but is sufficient if the party made his position

(1979). Furthermore, petitioner has failed to show any " 'cause' and 'prejudice' attendant to the state procedural waiver," *Wainwright v. Sykes, supra* 433 U.S. at 86–7, 97 S.Ct. at 2506–07. Accordingly, there can be no federal review of the constitutional claim. *Id; Engel v. Issac, supra* 456 U.S. at 124–135, 102 S.Ct. at 1570–1575 ("cause"); *United States v. Frady,* 456 U.S. 152, 167–175, 102 S.Ct. 1584, 1594–1598, 71 L.Ed.2d 816 (1982) ("prejudice").

### CONCLUSION

Based on the foregoing discussion, it is respectfully recommended that the petition be denied in its entirety.

Any objections to the recommendation in this report must be filed with the Honorable Joseph M. McLaughlin within 20 days of your receipt of this report.

with respect to the ruling or instruction known to the court. In addition, a party who without success has either expressly or impliedly sought or requested a particular ruling or instruction, is deemed to have thereby protested the court's ultimate disposition of the matter or failure to rule or instruct accordingly sufficiently to raise a question of law with respect to such disposition or failure regardless of whether any actual protest thereto was registered.